**PHILLIPS FUR AND WOOL COMPA-
NY, Plaintiff and Appellant,**

v.

**Colin A. BAILEY and Bailey & Lies,
P.C., Defendants and Appellees.**

**Civ. No. 10429.**

Supreme Court of North Dakota.

Nov. 22, 1983.

Dosland, Dosland & Nordhougen, Moor-
head, Minn., for plaintiff and appellant;
argued by Duane A. Lillehaug, Moorhead,
Minn.

Vogel, Brantner, Kelly, Knutson, Weir &
Bye, Fargo, for defendants and appellees;
argued by Mart R. Vogel, Fargo.

PEDERSON, Justice.

This appeal is from a summary judgment dismissing Phillips Fur and Wool Company's suit against Colin A. Bailey and Bailey and Lies, P.C. for legal malpractice on the ground that the suit is barred by the applicable statute of limitations (§ 28–01–18(3), NDCC). We conclude that there is a genuine issue of material fact as to when the cause of action accrued and, consequently, also as to when the period of limitation had run—making summary judgment, under the circumstances, inappropriate. We reverse and remand for trial.

Phillips commenced the suit on or after March 17, 1981, alleging damages to Phillips' scrap iron business attributable to Bailey's acts of malfeasance and nonfeasance while acting as Phillips' attorney. The malfeasance allegedly occurred "during the week of August 6, 1978" and consisted of Bailey wrongfully agreeing to the removal of a railroad spur line serving the scrap iron business. The nonfeasance allegedly consisted of Bailey wrongfully failing to inform Phillips of the railroad's plan to remove the spur line tracks until it was too late to do anything about it.

For the purposes of the case in its present posture, we are not permitted to weigh the merits of Phillips' allegations but must assume that "malpractice" has been properly pleaded. Reading the complaint "liberally," as we are obligated to do under Rule 8, NDRCivP, it alleges "discovery" of the malfeasance and nonfeasance on March 25, 1979, less than two years before commencement of the suit.

The running of the statute of limitations was raised as an affirmative defense in Bailey's answer to the complaint. Subsequently, supported by affidavits and depositions, Bailey moved for summary judgment of dismissal pursuant to the provisions of Rule 56, NDRCivP. The trial court, citing *Johnson v. Haugland,* 303 N.W.2d 533 (N.D. 1981), held that Bailey had not "conclusively established" a right to summary judgment of dismissal, and denied the motion

because there was a dispute of material facts as to the time of "discovery."

Bailey obtained additional affidavits and depositions and again moved for summary judgment on the basis that the statute of limitations had run. In granting the motion, the trial court itemized relevant facts "... as to which there is no genuine issue," which included the following critical items:

(a) Phillips learned of the removal of the spur line and attributed it to Bailey's "agreement" with the railroad officials on or before March 12, 1979.

(b) The alleged acts of malpractice were, or by reasonable diligence could have been, discovered on or before March 13, 1979.

The statute of limitations applicable to legal malpractice specifies that suit is barred unless it is commenced within two years after the cause of action has accrued (§ 28–01–18(3), NDCC). The comprehensive and unanimous opinion authored by Justice Erickstad, *Iverson v. Lancaster,* 158 N.W.2d 507 (N.D.1968), first applied the "discovery rule" to malpractice cases when the statute of limitations is raised as a defense. In syllabus 1 of that case this court held:

> "The limitation period commences to run against a malpractice action from the time the act of malpractice with resulting injury is, or by reasonable diligence could be, discovered."

The Legislature subsequently further limited the effect of nondiscovery in medical malpractice cases to six years (Ch. 284, S.L.1975). This has no application to legal malpractice. See discussion in *Johnson v. Haugland, supra.*

In a recent medical malpractice case we said that "... the injustice of barring a plaintiff's claim before she reasonably could be aware of it is obvious." *Anderson v. Shook,* 333 N.W.2d 708, 712 (N.D.1983). Although we were considering the statute's meaning in a medical malpractice claim, we see no reason why our efforts to further define the point at which time starts running should not be applicable to all malpractice claims. We concluded that time starts running when plaintiff knows, or with reasonable diligence should know, (1) of the injury, (2) its cause, and (3) defendant's possible negligence.

Most of the standards that we apply in determining the propriety of orders granting summary judgment are discussed in *Albers v. NoDak Racing Club, Inc.,* 256 N.W.2d 355, 358 (N.D.1977). One of those standards is that summary judgment is appropriate "... only if after taking the view of the evidence most favorable to the party against whom summary judgment is sought it appears that there are no genuine issues as to any material fact ...." See also *Sheets v. Letnes, Marshall & Fiedler, Ltd.,* 311 N.W.2d 175 (N.D.1981).

The evidence most favorable to Phillips on the question of the time of discovery is that it was learned on March 21, 1979 (less than two years before this suit was commenced), from statements by Representative Hausauer, that the injury (removal of the spur line without its consent) was caused by Bailey's negligent and wrongful act of agreeing to the removal and failing to inform Phillips thereof.

On the narrow point of time of discovery, the record is replete with evidence that supports a finding of fact that Phillips discovered, or by reasonable diligence could have discovered, that the following occurred more than two years before this suit was commenced: (a) the alleged injury, (b) that Bailey's consent caused the injury, and (c) that Bailey was negligent in consenting to the spur line removal and in failing to inform Phillips of the removal. It is likewise true that an opposite finding of fact would be sustained because it, too, is supported by substantial evidence. Findings of fact, however, are made from "disputed facts" and have no place in summary judgment proceedings. See *Albers v. NoDak Racing Club, Inc., supra,* 256 N.W.2d at 359.

The granting of summary judgment dismissing the suit on the ground that the statute of limitations had run was improper. The judgment is reversed and the matter is remanded for trial.

ERICKSTAD, C.J., and VANDE WALLE, SAND and PAULSON,* JJ., concur.