**Wendell WALL and Marian Wall,
Plaintiffs and Appellees,**

v.

**Bayard LEWIS and Lewis Law Office,
P.C., Defendants and Appellants.**

**Glen WILTSE and Helen Wiltse,
Plaintiffs and Appellees,**

v.

**Bayard LEWIS and Lewis Law Office,
P.C., Defendants and Appellants.**

Civ. Nos. 10804, 10805.

Supreme Court of North Dakota.

April 17, 1985.

Miller, Norman & Kenney, Moorhead, for plaintiffs and appellees; argued by Keith L. Miller.

Nilles, Hansen, Magill & Davies, Fargo, for defendants and appellants; argued by Leo F.J. Wilking, III.

PEDERSON, Surrogate Justice.

The plaintiffs (Doctors) filed separate malpractice actions on September 9, 1983, against the defendant attorney Bayard Lewis who had been retained by them to prepare trust agreements to prevent them from incurring personal liability on their medical partnership income. The Doctors assert that as a result of Lewis' negligent preparation of the trusts they incurred personal tax liability on the partnership income. By stipulation, the two actions were consolidated.

In an order, dated August 3, 1984, the district court granted the Doctors' motion to strike Lewis' statute of limitations defense and denied a motion by Lewis to compel discovery of matters relating to that defense. Lewis has filed this appeal from that order. We reverse and remand.

On appeal, Lewis has raised the following two issues:

(1) Whether or not the district court erred in striking the statute of limitations defense; and

(2) Whether or not the district court erred in denying the motion for an order compelling discovery.

The trust agreements were prepared by Lewis between October 1969 and February 1971. As the result of an Internal Revenue Service (IRS) audit of the trust agreements and medical partnership for the years 1972 and 1973, the IRS notified the Doctors, in a letter dated September 3, 1975, of the possibility of additional tax liability. In a subsequent letter, dated September 29, 1977, the IRS issued deficiency notices to the Doctors for the tax years 1972 and 1973. There is considerable dispute as to the nature of the attorney-client relationship between the Doctors and Lewis subsequent to the IRS audit and notification of additional tax assessment.

The Doctors assert that Lewis continued to represent them as they unsuccessfully exhausted their administrative remedies to overturn the IRS tax assessment and that throughout this representation Lewis insisted the trust agreements were valid and the IRS position was incorrect. The Doctors assert that subsequent to Lewis' election as a county judge in 1978 he agreed to retain another attorney to represent them on this matter, and that attorney filed an action in the federal district court seeking to recover the deficiency tax payments made by the Doctors during December, 1977.

Lewis asserts that the Doctors, after seeking advice from their accountant and a second opinion from another attorney, met with Lewis at his law office on December 9, 1977. He contends that at the meeting the Doctors informed him of the IRS treatment of the trust agreements and that another attorney had advised them to bring

a malpractice action against Lewis. Lewis asserts that the Doctors informed him that they would not bring a malpractice action against him if he would bring a lawsuit against the IRS to recover the tax deficiency payments and agree to not charge them for his representation if the IRS position was upheld. Lewis contends that the Doctors specifically informed him that although they were aware of the applicable statute of limitations they had voluntarily decided not to bring a malpractice action. Lewis does not dispute that subsequent to his election as a county judge he retained an attorney to continue to represent the Doctors in their attempt to obtain a refund of the deficiency taxes paid by them.

On December 9, 1981, the federal district court summarily dismissed that action, thereby upholding the IRS tax assessments.

■ The two-year statute of limitations under Section 28–01–18(3), NDCC, is applicable to an action brought against an attorney for professional malpractice. *Johnson v. Haugland,* 303 N.W.2d 533 (N.D.1981). The statute commences to run when,

"plaintiff knows, or with reasonable diligence should know, (1) of the injury, (2) its cause, and (3) defendant's possible negligence."

*Phillips Fur and Wool Co. v. Bailey,* 340 N.W.2d 448, 449 (N.D.1983).

The district court struck Lewis' statute of limitations defense, concluding, as a matter of law, that the Doctors had commenced a timely action because there was no injury incurred, and consequently no actionable claim, until the federal district court issued its summary judgment in favor of the IRS on December 9, 1981.

■ A cause of action for legal malpractice does not accrue, and the statute of limitations does not commence to run, until the client has incurred some damage. *Luick v. Rademacher,* 129 Mich.App. 803, 342 N.W.2d 617 (1983); *Ameraccount Club, Inc. v. Hill,* 617 S.W.2d 876 (Tenn.

1981); *Budd v. Nixen,* 6 Cal.3d 195, 491 P.2d 433, 98 Cal.Rptr. 849 (1971). The proposition is succinctly stated by the California Supreme Court in *Budd, supra:*

"... until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice. Prosser states the proposition succinctly, 'It follows that the statute of limitations does not begin to run against a negligence action until some damage has occurred.' (Prosser, Law of Torts (4th ed. 1971), § 30 at p. 144.)

"The cause of action arises, however, before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence.... Any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue.

"Indeed, once having discovered his attorney's negligence and having suffered some damage, the client must institute his action within the time prescribed in the statute of limitations or he will be barred from thereafter complaining of his attorney's conduct." [Footnote omitted.] 491 P.2d at 436–437, 98 Cal.Rptr. at 852–853.

■ Where, as in this case, the attorney's act of negligence has allegedly caused the client to incur additional tax liability, actual damage has been incurred no later than when the IRS has imposed a tax assessment thereby creating an enforceable obligation against the client. *See, United States v. Gutterman,* 701 F.2d 104 (9th Cir.1983); *Feldman v. Granger,* 255 Md. 288, 257 A.2d 421 (1969); *Atkins v. Crosland,* 417 S.W.2d 150 (Tex.1967). The Doctors sustained injury at least by September 29, 1977, the date that the IRS issued its tax deficiency notices, which was more than two years prior to the time that the Doctors filed their malpractice actions against Lewis.[1] However, the statute of

---

1. Whether or not the Doctors sustained actual damages prior to the deficiency assessment by the IRS, as Lewis asserts, is a question of fact to

limitations did not commence to run until, in addition to sustaining actionable injury, the Doctors knew, or with reasonable diligence should have known, of the injury, of its cause, and of Lewis' possible negligence. *See Anderson v. Shook*, 333 N.W.2d 708 (N.D.1983).

▪ The Doctors assert that because Lewis continued to insist that the IRS position was incorrect and that he had properly drafted the trust agreements, they could not have discovered Lewis' negligence until the federal district court upheld the IRS position on December 9, 1981, and therefore, the statute of limitations did not commence to run until that date. When the Doctors should have discovered Lewis' possible negligence is a question of fact to be determined at a trial on the merits.

▪ Lewis filed a motion with the district court to compel discovery of matters relating to the question of when the Doctors incurred actual damages and when they should have discovered the existence of their malpractice claim. The district court denied Lewis' motion to compel discovery on the ground that those matters were irrelevant because they occurred prior to entry of the federal district court judgment. In view of our determination that the Doctors incurred actual injury at least by the time the IRS entered the tax deficiency assessments, the district court must reconsider Lewis' motion to compel discovery.

The district court's order striking Lewis' statute of limitations defense and denying Lewis' motion to compel discovery is hereby reversed, and the case is remanded for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

Surrogate Justice PEDERSON participated in this case by assignment pursuant to § 27–17–03, NDCC.

be determined at a trial on the merits. *See*

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.