James H. HERZOG, Plaintiff, Appellant, and Cross-Appellee,

v.

William D. YUILL, Defendant, Appellee, and Cross-Appellant,

and

William A. Hill, Defendant and Appellee.

Civil No. 11,189.

Supreme Court of North Dakota.

Jan. 20, 1987.

James H. Herzog, pro se.

Mart R. Vogel, of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendants and appellees William D. Yuill and William A. Hill.

VANDE WALLE, Justice.

James H. Herzog has appealed from partial summary judgments entered pursuant to certification under Rule 54(b), N.D.R. Civ.P., that dismissed most of his claims against William D. Yuill and all of his claims against William A. Hill. Yuill has cross-appealed from that portion of a judgment denying his motion for summary judgment of dismissal on all of Herzog's claims. We affirm the judgments appealed from in part, reverse in part, and remand. We dismiss the cross-appeal.

On December 16, 1983, Herzog commenced an action against Yuill and Hill. Paragraphs 1 through 29 of the complaint alleged breach of contract. Paragraphs 30 through 38 alleged legal malpractice.

On February 12, 1985, Yuill and Hill filed motions for summary judgment based on the two-year statute of limitations provided in § 28–01–18(3), N.D.C.C., failure to state a cause of action, res judicata, and collateral estoppel. While those motions for summary judgment were pending, Herzog moved to amend the complaint by adding four paragraphs and an additional prayer for relief.

In a memorandum opinion dated February 11, 1986, the trial court granted Hill's motion for summary judgment as to paragraphs 1 through 29 and denied Yuill's motion for summary judgment as to paragraphs 1 through 29. The court granted both Yuill's and Hill's motions for summary judgment as to paragraphs 30 through 38.

In an order dated February 18, 1986, the trial court granted Herzog's motion to amend the complaint, but stated:

"The Court notes that the matters alleged in the Amended Complaint were fully considered in reaching the Findings and Conclusions contained in this Court's Memorandum Opinion dated and filed with the Clerk on February 11, 1986."

In an order for judgment dated February 25, 1986, the trial court decreed: "That the plaintiff's case against the defendant Hill be and the same is hereby in all things dismissed with prejudice." In another order for judgment dated February 25, 1986, the trial court decreed: "That the trial of the case against the defendant Yuill shall be confined to the contract cause of action and whatever damages may have resulted therefrom, if any." Separate judgments were entered accordingly on February 26, 1986 (Yuill), and March 6, 1986 (Hill). The trial court certified there was no just reason for delay in the entry of the judgments on March 11, 1986.[1]

The dispositive issue in the appeal is whether or not summary judgments were properly entered. The dispositive issue in the cross-appeal is whether or not the trial court's denial of summary judgment on all of the plaintiff's claims is appealable or reviewable.

### 1. dismissal of contract claims against Hill

In paragraphs 1 through 29 of the complaint, Herzog generally pleaded a contract and a breach thereof by Yuill and Hill. Herzog asserted in his complaint and affidavit in opposition to the defendants' motions for summary judgment that (1) in November 1978, he employed Yuill to de-

---

1. The certification by the trial judge states that "there is and was no just reason for delay in the entry of the judgments referred to. If the trial on the contract cause of action is now held and subsequently the judgments referred to are reversed in whole or in part, the case in all likelihood would have to be retried. A determination now by the Supreme Court could result in substantial savings of time and expense." The savings in time and expense to which the trial judge refers are presumably those of the trial court and the parties. Although not raised as an issue in this case, we are not convinced that the reasons given by the trial judge for the certification under Rule 54(b), N.D.R.Civ.P., take into consideration all of the appropriate factors which should be considered by the trial court in making the determination. For a thorough discussion of Rule 54(b) certifications, see *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984). We have the authority to review the certification *sua sponte*, to determine if the trial court has abused its discretion, but we do not do so in this instance because of our disposition of this case.

fend him in an expected criminal prosecution arising out of an anticipated indictment for appropriating to his own use monies belonging to bankrupt estates for which he served as trustee; (2) that he paid Yuill $4,000 and gave Yuill a note and mortgage for $26,000 to secure Yuill's fees; (3) that the scope of employment was later expanded to include defense of anticipated civil suits and on January 5, 1979, the provision of legal services by Hill; (4) that the note and mortgage were increased to $46,000 because of the expansion in legal services and the addition of services by Hill; (5) that the note and mortgage for $46,000 were to serve as security for attorney fees which were to be earned at a rate of $50 per hour with any excess for unearned fees to be refunded to Herzog; (6) that Herzog was fraudulently induced into executing the note and mortgage; and (7) that Yuill breached the employment contract by failing to refund unearned fees.

In a deposition Herzog said that: (1) he did not "recall any contact with Mr. Hill until the early part of January '79"; (2) he "didn't have any discussions with Mr. Hill relative to fees whatsoever at any time"; (3) "Hill did not agree to refund any part of the $50,000"; (4) "Mr. Hill had nothing at all to do with the securing of the note and the mortgage"; (5) he pleaded guilty to counts 2, 3, and 5 of the indictment and nolo contendere to count 1 shortly before trial because he "felt that Mr. Yuill was not prepared for trial"; and (6) that Yuill "never intended when he took the note and mortgage to perform the service that he said he would perform or that he would honor his statement that he would refund any unearned portion of it."

The trial court had before it a December 15, 1978, note executed by Herzog, payable to Yuill in the amount of $46,000 due in 90 days. Also before the trial court was a mortgage deed dated December 26, 1978, designating Yuill as the mortgagee in consideration of the sum of $46,000 due Yuill on March 15, 1979. The mortgage deed was executed by Herzog and his wife on December 26, 1978. The mortgage was notarized on December 26, 1978.

Yuill and Hill filed affidavits asserting that they were not partners, that Yuill employed Hill to assist him in representing Herzog, and that Hill was not a party to and did not participate in the contract between Yuill and Herzog or its negotiation.

The holder of the first and second mortgages on the real property, upon which Yuill held an inferior lien, foreclosed its mortgages. Yuill purchased the certificate of sale, obtained a deed, and sold the property. Yuill did not refund any fees.

■ Viewing the information available to the trial court in the light most favorable to Herzog, as we must on appeal from summary judgment [*Binstock v. Tschider*, 374 N.W.2d 81 (N.D.1985)], we conclude that, as to Hill, there were no genuine issues of material fact and Hill was entitled to summary judgment dismissing the contract claims as a matter of law. It is beyond dispute that Hill was not Yuill's partner, was not a party to Yuill's contract with Herzog, and did not participate in the negotiations or the execution of the note and mortgage.

### 2. paragraphs 30–34 of the complaint

As the trial court succinctly stated in its February 11, 1986, memorandum opinion:

"The Plaintiff, in paragraphs 30–34, alleges that on or about the 17th through the 29th of August, 1979, the Defendant Yuill falsely informed Plaintiff of the date of the hearing regarding Plaintiff's application for compensation in the matter known as Endeco, Inc.; failed to make arrangements for a subpoena for the Plaintiff's appearance at said hearing; fraudulently concealed from Plaintiff that an objection had been filed opposing Plaintiff's application; entered into an unauthorized stipulation of facts; and failed to submit certain exhibits supporting Plaintiff's claim."

The trial court determined that the claims set forth in paragraphs 30–34 of the complaint were barred by the statute of limita-

tions provided in § 28–01–18(3), N.D.C.C. We agree.

"The two-year statute of limitations under Section 28–01–18(3), NDCC, is applicable to an action brought against an attorney for professional malpractice. *Johnson v. Haugland,* 303 N.W.2d 533 (N.D.1981). The statute commences to run when,

'plaintiff knows, or with reasonable diligence should know, (1) of the injury, (2) its cause, and (3) defendant's possible negligence.'

*Phillips Fur and Wool Co. v. Bailey,* 340 N.W.2d 448, 449 (N.D.1983)." *Wall v. Lewis,* 366 N.W.2d 471, 473 (N.D. 1985).

It is undisputed that the attorney-client relationship between Yuill and Herzog and between Hill and Herzog, if any, ended in 1979. The statute of limitations was tolled while Herzog was imprisoned. Section 28–01–25, N.D.C.C. "However, the period within which the action must be brought cannot be extended more than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases." Section 28–01–25, N.D.C.C.

Herzog was released from the Federal Correctional Institution at Lexington, Kentucky, on March 17, 1981. He learned of the adverse decision in the matter of his claim for compensation in the Endeco, Inc., bankruptcy matter on August 27, 1979. He received a copy of the judgment and findings "most likely before the end of September 1979." He received a copy of the transcript of the hearing in October of 1979. By letter of September 7, 1979, Herzog notified the referee and special master in the compensation matter that he was appealing the judgment pro se. The judgment was affirmed on appeal.

Thus it is clear that Herzog knew of his injury, its cause, and the defendants' possible negligence well before the expiration of the period of limitation provided by § 28–01–18(3), N.D.C.C., even as tolled by § 28–01–25, N.D.C.C. Suit on the claims alleged in paragraphs 30–34 of Herzog's complaint was barred as a matter of law by the applicable statute of limitations. The trial court did not err in entering summary judgments dismissing those claims.

### 3. paragraphs 35–38 of the complaint

As summarized in the trial court's memorandum opinion:

"The Plaintiff, in paragraphs 35–38, alleges that during May of 1979, he had instructed Defendants to file the necessary motions to effect a release of at least Plaintiff's wife's one-half share of the proceeds of the sale of 160 acres of development land ... subject to a writ of attachment. The Plaintiff alleges that contrary to his instructions Defendants signed and entered into an unauthorized stipulation and escrow agreement ... and ... Plaintiff suffered a loss of $111,-795.24."

The trial court determined that those claims were barred by the doctrines of res judicata and collateral estoppel because of several actions tried in federal court. Herzog has not presented us with any citations to authority or persuasive reasoning on this matter and we therefore will not consider it.

### 4. amended complaint

While Yuill's and Hill's motions for summary judgment were pending, Herzog moved to amend the complaint by adding paragraphs 39–42, which Herzog asserts alleged fraud and invoked the doctrine of equitable estoppel to preclude Yuill and Hill from relying on the statute of limitations as a bar to Herzog's suit. Herzog contends that the trial court erred in not distinguishing between fraud and malpractice. Herzog also contends that the trial court erred in dismissing the action against Hill in all things and in limiting the trial against Yuill to the contract cause of action while also granting his motion to amend the complaint. In granting Herzog's motion to amend the complaint, the trial court noted that the matters alleged in the amended complaint had been fully considered in its previous ruling on the defend-

ants' motions for summary judgment. Without further explanation, the court ordered the entry of judgments dismissing all of Herzog's claims against Hill and limiting the trial against Yuill to the contract cause of action.

In the additional paragraphs 39–42 of the amended complaint, Herzog alleged that Yuill and Hill fraudulently misrepresented to him that a pre-existing conflict of interest had been eliminated; that they breached their duty "to disclose any material matter bearing upon the attorneys' duty to represent their client with undivided loyalty"; that Herzog did not learn of the "true nature and effect" of the defendants' conflict of interest until July 27, 1984; and that they were thereby estopped from asserting the statute of limitations as a defense.

In *Johnson v. Haugland,* 303 N.W.2d 533, 538 (N.D.1981), we said:

"However, it is clear that paragraphs 3 and 4 of Johnson's amended complaint set forth specific allegations regarding the conduct of Haugland and the law firm in the context of the attorney/client relationship.... The essence of Johnson's complaint as to these defendants is that they breached their professional duty to Johnson by negligently handling his defense in the *Guzman* case and that they failed to inform him of the conflict of interest in their simultaneous representation of Johnson and Western in the *Guzman* case. This court has made it clear that a client may be entitled to damages for losses resulting from his attorney's failure to exercise the degree of care, skill, and diligence commonly exercised by reasonable and prudent lawyers and that an attorney may also be liable to his client for damage resulting from his representation of adverse interests. However, such breaches of professional duty as here alleged fall within the concept of legal malpractice.... We believe that the term 'malpractice' in Section 28–01–18(3), N.D.C.C., refers to the nature of the subject matter of the action and not to the form of remedial procedure, whether it be in tort or contract." [Citations omitted.]

On its face, the amendment is susceptible of a construction that it pleads a cause of action for malpractice (see *Johnson v. Haugland, supra*) that was not discovered until 1984. The statute of limitations commences to run "when plaintiff knows, or with reasonable diligence should know, (1) of the injury, (2) its cause, and (3) defendant's possible negligence." *Phillips Fur and Wool Co. v. Bailey,* 340 N.W.2d 448, 449 (N.D.1983). When a malpractice plaintiff's cause of action accrued is a question of fact. *Wall v. Lewis,* 393 N.W.2d 758 (N.D.1986); *Wall v. Lewis,* 366 N.W.2d 471 (N.D.1985); *Phillips Fur and Wool Co. v. Bailey, supra.*

The amendment is also susceptible of a construction that it pleads a cause of action for fraud, which has a different statute of limitations, independent of a cause of action for legal malpractice. See R. Mallen & V. Levit, *Legal Malpractice* §§ 125, 127, 164, 383 (2d Ed.1981). The amendment also asserts that Yuill and Hill are estopped from relying on the statute of limitations as a defense.

In dismissing the action against Hill in all things and in limiting the trial against Yuill to the contract cause of action, the trial court did not specifically address any of the foregoing matters. In granting Herzog's motion to amend the complaint, the court said only "that the matters alleged in the Amended Complaint were fully considered" in the memorandum opinion granting Hill's motion for summary judgment and partially granting Yuill's motion. We are unable to discern the trial court's rationale for dismissing the claims made in the amended complaint. Yuill and Hill also did not specifically address all of the matters raised in the amended complaint in their brief on appeal, other than such general assertions as (1) that the amended complaint was "a desperate attempt by Herzog to fashion a claim against the defendants that was not time-barred"; and (2) that the trial court "implicitly concluded that the allegations in the Amended Complaint did

not establish a later discovery date and that the defendants' conduct did not equitably estop them from asserting the statute of limitations defense."

We said in *Arneson v. City of Fargo*, 331 N.W.2d 30, 40 (N.D.1983), with regard to a trial court's award of expert witness fees, that with no explanation of its reasoning, "it is impossible for this Court on appeal to appropriately review the trial court's determination." See also, *All Seasons Water Users Association v. Northern Improvement Co.*, 399 N.W.2d 278 (N.D. 1987); *Hust v. Hust*, 295 N.W.2d 316 (N.D. 1980). As the United States Supreme Court said in *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569, 572 (1972):

> "Under Rule 56, summary judgment cannot be granted unless there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. If this is the course the District Court followed, its order is opaque and unilluminating as to either the relevant facts or the law with respect to the merits of appellants' claim. In this posture of the case, we are unconvinced that summary judgment was properly entered."

In the posture in which the case has been presented to us with regard to the amended complaint, we are similarly "unconvinced that summary judgment was properly entered" dismissing the claims raised in the amended complaint. We therefore reverse the summary judgments appealed from insofar as they dismiss the claims raised in the amended complaint and remand for a redetermination of the matter of the amended complaint.

### 5. the cross-appeal

The trial court denied Yuill's motion for summary judgment on the contract claims in paragraphs 1–29 of the complaint because: (1) "The terms of that contract concerning the fee arrangement are disputed and are a question of fact"; and (2) "Whether the Plaintiff was fraudulently induced to enter into the oral or written portion of the contract is a question of fact for the purposes of this motion." Yuill has cross-appealed "from that portion of the judgment dated February 26, 1986, denying his motion for summary judgment as to *all* of the plaintiff's alleged causes of action."

■ An order or judgment denying a motion for summary judgment is not appealable. *Gillan v. Saffell*, 395 N.W.2d 148 (N.D.1986). Although an order or judgment denying a motion for summary judgment is not itself appealable, Yuill contends that such an order may be reviewed on appeal from a partial judgment involving another aspect of the case.

We have sometimes broadly stated that nonappealable interlocutory orders may be reviewed on appeal from a judgment. See, e.g., *Matter of Estate of Kjorvestad*, 375 N.W.2d 160 (N.D.1985); *Hall GMC, Inc. v. Crane Carrier Co.*, 332 N.W.2d 54 (N.D. 1983); *Spence v. North Dakota District Court*, 292 N.W.2d 53 (N.D.1980); *Applegren v. Milbank Mut. Ins. Co.*, 268 N.W.2d 114 (N.D.1978); *Danks v. Holland*, 246 N.W.2d 86 (N.D.1976); *Newman v. Hjelle*, 133 N.W.2d 549 (N.D.1965). "In fact most intermediate orders which are non-appealable may be reviewed as an incident to or a part of the final action of the court." *Stormon v. District Court of Pierce County*, 76 N.D. 713, 718, 38 N.W.2d 785, 787 (1949).

Rule 35(a), N.D.R.App.P., which authorizes review of nonappealable orders, provides:

> "(a) Civil Appeals; Intermediate Orders. Upon an appeal from a judgment, the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment appearing upon the record transmitted or returned from the trial court."

The rule was derived from § 28–27–28, N.D.C.C., which was superseded by the rule. The requirement that an intermediate order or determination must involve the merits and necessarily affect the judgment to be reviewable upon an appeal from the judgment has been in effect since terri-

torial days. See § 411, Code of Civil Procedure, Revised Codes of the Territory of Dakota (1877).

"An order which leaves the point involved still pending before the court, and undetermined, does not involve the merits." *Schaff v. Kennelly*, 69 N.W.2d 777, 780 (N.D.1955) [quoting *Ferguson v. Jensen*, 76 N.D. 647, 650, 38 N.W.2d 560, 562 (1949)]. "[A] denial of summary judgment is not a decision on the merits; it simply is a decision that there is a material factual issue to be tried." 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 2712, p. 587 (1983). "An order denying a motion for summary judgment is merely interlocutory and, leaving the case pending for trial, it decides nothing, except that the parties may proceed with the case." *Rude v. Letnes*, 154 N.W.2d 380, 381 (N.D.1967). In *Skoog v. City of Grand Forks*, 301 N.W.2d 404 (N.D.1981), we dismissed a cross-appeal from an order denying a motion for summary judgment of dismissal. Because Yuill's cross-appeal is from a nonappealable order or judgment, we dismiss the cross-appeal. Because a denial of a motion for summary judgment does not involve the merits and necessarily affect the judgment, we decline to review the denial of the motion.

The judgments appealed from are affirmed insofar as they dismiss the contract cause of action against Hill in paragraphs 1–29 of the complaint, reserve for trial against Yuill the contract cause of action in paragraphs 1–29 of the complaint, and dismiss the causes of action against Hill and Yuill in paragraphs 30–38 of the complaint. The judgments appealed from are reversed insofar as they dismiss the claims raised against Hill and Yuill in the amended complaint and that matter is remanded for redetermination and an explanation of the rationale underlying the trial court's determination on remand. The cross-appeal is dismissed.

ERICKSTAD, C.J., MESCHKE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.