**Clayton RUNCK, Jr., Appellant,**

v.

**William KUTMUS; Kutmus & Pennington, P.C., Appellees.**

**No. 92–2755.**

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1993.

Decided June 29, 1993.

Charles Chinquist, Fargo, ND, for appellant.

Bernard E. Reynolds, Moorhead, MN, for appellee.

Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Clayton Runck, Jr., brought this diversity action in September 1991 alleging William Kutmus and his law firm committed legal malpractice while representing Runck in a federal criminal action. The parties agree Runck's cause of action accrued between November 1984 and March 1985 and is governed by North Dakota law. Kutmus moved for summary judgment contending Runck filed this action after North Dakota's two year professional malpractice statute of limitations expired. *See* N.D. Cent.Code § 28–01–18(3) (1991); *Herzog v. Yuill,* 399 N.W.2d 287, 290 (N.D.1987). Runck claimed his action was not barred because the limitations period was tolled for five years while he was under the legal disability of imprisonment. *See* N.D.Cent.Code § 28–01–25 (1991). Concluding Runck waived this legal disability and the benefit of the tolling statute in November 1984 based on his repeated pro se litigation while in prison, the district court granted Kutmus's motion for summary judgment. The district court reasoned that Runck could not "file legal actions every few months from his jail cell while, at the same time, attempt[ing] to use his imprisonment as a disability shield from the impact of the statute of limitations." Runck appeals, and we affirm.

We review the district court's grant of summary judgment and issues of state law de novo. *United States ex rel. Glass v. Medtronic, Inc.,* 957 F.2d 605, 607 (8th Cir. 1992); *Salve Regina College v. Russell,* 499 U.S. 225, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). Under North Dakota law, a person "may waive the advantage of a law intended solely for [the person's] benefit." N.D.Cent.Code § 31–11–05(4) (1976); *see also id.* § 1–02–28 (1987); *Steckler v. Steckler,* 492 N.W.2d 76, 78–79 & n. 1 (N.D. 1992); *Brunsoman v. Scarlett,* 465 N.W.2d 162, 167 (N.D.1991). The North Dakota Supreme Court defines waiver as "the voluntary and intentional relinquishment and abandonment of a known existing right, advantage, benefit, claim, or privilege which, except for [the] waiver, the party would have enjoyed." *Brunsoman,* 465 N.W.2d at 168. Waiver may be shown by conduct revealing an intention to waive. *Id.*

The North Dakota Supreme Court has not decided whether a litigious prisoner waives the benefit of the tolling statute, but given the circumstances in this case, we believe the North Dakota Supreme Court would hold the tolling statute was waived. From prison, Runck filed and litigated many pro se legal actions concerning Kutmus's representation including an appeal of his sentence, several habeas petitions, and a 1986 complaint against Kutmus to the Iowa State Bar Association. Runck is now litigating essentially the same issue he knew about and litigated in 1986. We conclude that Runck was under no actual disability from gaining access to the courts and that he removed the disability of his imprisonment and the protection of the tolling statute when he litigated numerous pro se actions as a prisoner, all but one of which were filed more than two years before he brought this action against Kutmus. Thus, the district court correctly held that Runck was not entitled to tolling under section 28–01–25 while he was a state prisoner, and his legal malpractice action against Kutmus is time barred under state law.

Accordingly, we affirm.