1997 ND 74

**SERVICE OIL, INC., Plaintiff
and Appellee**

v.

**Jack H. CHABOT and Todd D. Novaczyk,
Defendants and Appellants.**

**Civil No. 960376.**

Supreme Court of North Dakota.

April 22, 1997.

Todd E. Zimmerman, Fargo, for defendants and appellants.

Joseph A. Turman of DeMars & Turman, Fargo, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Jack Chabot and Todd Novaczyk appeal from the district court's decision denying summary judgment concerning their personal liability on a lease agreement. We dismiss.

[¶ 2] On December 5, 1989, Service Oil, Inc., leased property in Fargo to Sytje's Pannekoeken Huis Family Restaurants, Inc. In the lease, Chabot, a Pannekoeken director, and Novaczyk, a Pannekoeken officer, executed a guaranty of lease agreement. The guaranty consisted of a personal guaranty from Chabot and Novaczyk, and included an alternative guaranty clause, stating that after the fifth annual anniversary of the restaurant, Chabot and Novaczyk could be personally released from the liability if they granted the lessor a first security interest in the restaurant's assets:

> "On or after the fifth annual anniversary of the Commencement Date (as defined in the Lease), the undersigned shall be released from liability under this Guaranty of Lease upon delivery to Lessor of documentation, in such form as Lessor reasonably requires, granting a first security interest in all restaurant equipment, furniture and fixtures located on the Leased Premises to Lessor in order to secure payment of all rents reserved under the Lease and performance by Lessee of all other terms, provisions, covenants and conditions thereof."

[¶ 3] In 1994 and 1995, Pannekoeken defaulted on its lease obligation by failing to make rent payments and pay real estate taxes. During this time, Service Oil contacted Pannekoeken numerous times concerning curing the default.

[¶ 4] In December 1995, Service Oil sued Chabot and Novaczyk for payment of sums owed under the lease. Chabot and Novaczyk did not answer. Pannekoeken continued to accrue liability as a hold-over tenant.

[¶ 5] In February 1996, Pannekoeken offered a first security interest in the restaurant's assets to obtain the release of Chabot

and Novaczyk's guaranty obligations. Service Oil rejected the offer.

[¶ 6] On May 13, 1996, Service Oil moved for default judgment against the two guarantors, Chabot and Novaczyk. On May 24, 1996, Chabot and Novaczyk answered Service Oil's complaint raising, as an affirmative defense, their release of liability under the alternative guaranty clause. The district court denied the motion for default judgment.

[¶ 7] On September 3, 1996, Chabot and Novaczyk moved for summary judgment based on the alternative guaranty clause that provided Chabot and Novaczyk could be released from the guaranty if they granted the lessor a first security interest in the restaurant's assets. The district court denied summary judgment.

[¶ 8] On October 11, 1996, the parties entered a stipulation, agreeing (1) Service Oil had suffered damages of $175,000, (2) a judgment of $175,000 would be entered against Chabot and Novaczyk and in favor of Service Oil, and (3) by entering the stipulation, Chabot and Novaczyk did not waive, and specifically reserved, their right to appeal the district court's "summary judgment ruling regarding liability." Chabot and Novaczyk appeal the district court's denial of summary judgment.

[¶ 9] Chabot and Novaczyk stipulated to the damages from the lease agreement to obtain a final, appealable judgment. In the judgment, they specifically reserved "their right to appeal the District Court's summary judgment ruling regarding liability." However, the district court did not make a summary judgment ruling regarding liability. The district court merely refused to grant Chabot and Novaczyk's motion for summary judgment. In doing so, the district court did not dismiss Chabot and Novaczyk's affirmative defense, but merely declined to rule in their favor on summary judgment, and determined the parties should proceed to trial.

[¶ 10] Under Rule 35(a), N.D.R.App.P., we review an intermediate order on appeal from a judgment "which involves the merits and necessarily affects the judgment appearing upon the record transmitted or returned from the trial court." In *Herzog v. Yuill*, 399 N.W.2d 287, 293 (N.D.1987), we specifically explained that a denial of summary judgment does not involve the merits of a case because it leaves the issue still pending before the court:

> " 'An order which leaves the point involved still pending before the court, and undetermined, does not involve the merits.' *Schaff v. Kennelly*, 69 N.W.2d 777, 780 (N.D.1955) (quoting *Ferguson v. Jensen*, 76 N.D. 647, 650, 38 N.W.2d 560, 562 (1949)). 'A denial of summary judgment is not a decision on the merits; it simply is a decision that there is a material factual issue to be tried.' 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 2712, p. 587 (1983). 'An order denying a motion for summary judgment is merely interlocutory and, leaving the case pending for trial, it decides nothing except that the parties may proceed with the case.' *Rude v. Letnes*, 154 N.W.2d 380, 381 (N.D.1967)."

Accordingly, the district court's denial of Chabot and Novaczyk's motion did not involve the merits; it was not a "ruling on liability."

[¶ 11] If the district court had granted summary judgment in favor of Service Oil, and determined, as a matter of law, that Chabot and Novaczyk could not exercise the alternative guaranty clause, that would have been a ruling regarding the defendants' liability, and the issue would be properly reserved for appeal. However, the district court did not make such a ruling. Chabot and Novaczyk, in attempting to preserve the district court's ruling on liability for appeal, preserved a ruling the district court never made.

[¶ 12] We, therefore, dismiss this case as not appealable.

[¶ 13] SANDSTROM, J., concurs.

VANDE WALLE, C.J., concurs in the result.

MESCHKE, Justice, concurring specially.

[¶ 14] I believe the majority's dismissal of this appeal is wrong, but I would affirm this judgment on the merits. Therefore, I concur in the result and write separately to explain why.

[¶ 15] In denying summary judgment to defendants Chabot and Novaczyk on their affirmative defense, the trial court was clearly ruling as a matter of law, not as a matter of fact, that the defendants could not succeed with their affirmative defense of substituting security. The trial court explained why:

1. The lease was in default well before any substitution of guarantee took place, a default occurred on March 1, 1994. Defendants advised Plaintiff of the possibility of substituting the first security interest in February of 1996.

2. The documentation for substitution of the security interest was not delivered.

While succinct, this was a clear ruling the defendants could not defeat the claim with the affirmative defense of substituting security.

[¶ 16] The defendants' answer had admitted Pannekoeken had defaulted on the lease and owed back rent, and the answer had raised four affirmative defenses. After denial of summary judgment for the defendants on their affirmative defense, the only remaining factual issue to be resolved on plaintiff's claim was the total rent due on the lease. The parties resolved this final factual issue by stipulating a judgment for a specific amount. While their stipulation recognized "Defendants are not waiving, and specifically reserve, their right to appeal the District Court's summary judgment ruling regarding liability," nothing remained for trial. Thus, the judgment became complete and final.

[¶ 17] Yet the majority opinion reads this record as if some other factual issue remained for decision on the affirmative defense and therefore concludes the intermediate summary judgment denial is not reviewable on appeal.

[¶ 18] A denial of an affirmative defense by denying summary judgment as a matter of law, of course, is interlocutory and not immediately reviewable. But when the ruling "involves the merits and necessarily affects the judgment," it clearly becomes reviewable as an intermediate order on appeal from the final judgment:

Civil appeals; intermediate orders. Upon an appeal from a judgment, the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment appearing upon the record transmitted or returned from the trial court.

*NDRAppP 35(a)*. That is the situation in this case.

[¶ 19] This situation is not comparable to the one in *Herzog v. Yuill*, 399 N.W.2d 287 (N.D.1987), that the majority cites. The *Yuill* opinion recognized an intermediate order denying summary judgment for legal reasons is usually reviewable on appeal from a later final judgment. *Id.* at 292. But, *Yuill* considered only a partially final judgment certified for appeal under *NDRCivP 54(b)*. *Id.* at 288 n. 1. We affirmed the certified summary judgment against Herzog dismissing complaint paragraphs 1–29 against Hill and dismissing complaint paragraphs 30–38 against both Hill and Yuill. *Id.* at 293. However, we reversed the summary judgment for Hill and Yuill that dismissed amended complaint paragraphs 39–42, and remanded for reconsideration of this added complaint. *Id.*

[¶ 20] Then we considered Yuill's uncertified cross-appeal from denial of his motion for summary judgment against Herzog on complaint paragraphs 1–29. We explained the setting: "Although an order or judgment denying a motion for summary judgment is not itself appealable, Yuill contends that such an order may be reviewed on appeal from a partial judgment involving another aspect of the case." *Id.* at 292. We held, "[b]ecause Yuill's cross-appeal is from a nonappealable order or judgment, we dismiss the cross-appeal." *Id.* at 293. In that context, with complaint paragraphs 1–29 still pending against Yuill and not certified to us for *Rule 54(b)* review, it was clearly correct to dismiss Yuill's separate cross-appeal from the order denying his motion for summary judgment on those contract claims.

[¶ 21] Yuill's negative defenses had not yet been fully decided and were still interlocutory because factual questions remained. In contrast, this judgment is final, and there is *no* comparable reason here to deny review of

this intermediate order rejecting an affirmative defense as a matter of law.

[¶ 22] The proper analysis of summary judgment rulings on affirmative and negative defenses is cogently explained by 6 Moore's Federal Practice ¶ 56.17(4), pp. 56–377–79 (1996):

> One good defense will defeat recovery on a claim. Therefore, where a defendant pleads both a sufficient negative defense and a sufficient affirmative defense, plaintiff is entitled to summary judgment only in the event that there is no genuine issue of material fact as to both the negative and affirmative defenses and he is entitled to judgment as a matter of law. When these conditions are satisfied, summary judgment may properly go for the plaintiff; otherwise not. Where the defendant's defenses are limited to one or more affirmative defenses and there is no triable issue of fact as to *any* of the affirmative defenses, or they are all legally insufficient, then the case is ripe for summary adjudication in accordance with applicable principles of substantive law.

(Footnotes omitted). In this case, after the stipulation for judgment that reserved for review the denial of the defendants' affirmative defense as a matter of law, there were no remaining triable issues of fact and there was a final adjudication of all claims and defenses for review.

[¶ 23] While it might have been more lucid for the trial court in this case to have granted a partial summary judgment to this plaintiff to clearly express that the defendants' affirmative defense of substitution of security would not succeed as a matter of law, that is plainly the effect and meaning of the trial court's succinct denial of summary judgment on the defendants' affirmative defense. I believe we should recognize that effect here and consider the merits of the defendants' appeal.

[¶ 24] On the merits, I would affirm. Statutes control the merits, although they were not briefed by the appellant. NDCC 22–01–10 directs:

> **Guarantor of payment is liable upon default of principal—Demand or notice not required.** A guarantor of payment or

performance is liable to the guarantee immediately upon the default of the principal and without a demand or notice.

NDCC 9–01–18 directs:

> **Option—Limitation of time for performance.** If the party having the right of selection between alternative acts does not give notice of his selection to the other party within the time, if any, fixed by the obligation for that purpose, or, if none is fixed, before the time at which the obligation ought to be performed, the right of selection passes to the other party.

In my opinion, Pannekoeken and the guarantors had been in default on their common obligation for almost two years before Pannekoeken had given notice of an intent to substitute security. The notice to substitute was not "before the time at which the obligation ought to [have been] performed." Thereafter "the right of selection passe[d] to" Service Oil as a matter of law, and Service Oil refused the security substitution. As the trial court ruled, the defendants then had no right to substitute security and thus had no affirmative defense.

[¶ 25] I would affirm the judgment on the merits. Since dismissing the appeal has the same effect, I concur in the result reached by the majority.

[¶ 26] MARING, J., concurs.