D. M., Mother and Natural Guardian of J. M., a minor, and J. A. M., by Clarence Ohlsen, Director of the Grand Forks County Social Service Center, as guardian ad litem, Plaintiffs and Appellees,

v.

W. J. S., Defendant and Appellant.

Civ. No. 10071.

Supreme Court of North Dakota.

Feb. 11, 1982.

Nelson, Kalash & Gronneberg, Grand Forks, for plaintiffs and appellees; argued by Dwight F. Kalash, Grand Forks.

Pitsenbarger & Miller, Moorhead, Minn., and Conmy, Feste & Bossart, Fargo, for defendant and appellant; argued by Keith L. Miller, Moorhead, Minn.

1. The record before us does not contain any written documents made at that time which

SAND, Justice.

This is an appeal by the defendant father, W. J. S. [Walter], from a judgment in an action brought by the mother, D. M. [Diane], to establish paternity of J. M. [Jane] born on 24 August 1979. The names are pseudonyms.

The paternity action was initiated by a summons and complaint dated 7 May 1980. The complaint alleged in substance that Walter acknowledged paternity on 23 October 1979 before a Grand Forks attorney [1] and sought reasonable child support for the minor child. Walter's answer alleged that he was fraudulently induced to execute the acknowledgment and that it was void. On 11 July 1980, Diane moved for temporary support from Walter in the sum of $150.00 during the pendency of the paternity action. Diane's affidavit in support of her motion, dated 11 July 1980, provides in substance that because Walter requested a jury trial the matter could not be heard until March 1981, and in the meantime she would be unable to support the child without help from Walter. Diane's affidavit reiterated that Walter had previously acknowledged paternity before a Grand Forks attorney. Walter resisted the motion and requested attorney's fees for defending against the motion.

A hearing on the motion was held on 6 August 1980 before the Honorable Joel D. Medd. On 2 October 1980 Judge Medd issued an order which required blood tests to be taken and appointed a guardian ad litem, and referred the matter to the juvenile referee. The order reflects that no signed acknowledgment was produced at this hearing. Judge Medd's order did not deal with temporary support nor did it address Walter's request for attorney's fees. A subsequent letter from Judge Medd to Walter's attorney reflects that the request for attorney's fees was denied because the claim "was not completely without merit."

acknowledged paternity.

The blood tests were conducted and the results of the test indicated a likelihood of paternity of 99.97%. Subsequently, Walter admitted paternity at a hearing before the juvenile referee on 26 February 1981. On 26 March 1981 the issue of support was tried before Judge Medd. Judge Medd ordered Walter to pay support in the sum of $220.00 per month, with an additional $20.00 per month for 60 months for past-due support. Judge Medd further ordered Walter to pay reasonable attorney's fees incurred by Diane and allowed Diane's counsel to submit an itemized bill to the court for use in determining the attorney's fees. The attorney's fees were calculated to be $550.00, plus $28.50 in out-of-pocket costs.

On 22 May 1981 Walter moved for an order amending the court's findings of fact, conclusions of law, and judgment. The motion was heard on 1 July 1981 and on 3 August 1981 an order was filed denying Walter's motion. Walter appealed to this Court.

The first issue raised by Walter is that the trial court erred in failing to award his attorney's fees and costs incurred in defending against Diane's "temporary support" motion. Walter asserts that a careful and thorough review of North Dakota Century Code Ch. 14–17 discloses no authority for "temporary support" during the pendency of a paternity action, and therefore Walter asserts he should be entitled to costs and attorney's fees incurred in responding to what he designated a frivolous and groundless claim. Walter cites NDCC §§ 28–26–01(2), and 28–26–31 to support his position that he should be entitled to attorney's fees for defending the motion for temporary support.

Section 28–26–01(2), NDCC provides as follows:

"In civil actions the court may, in its discretion, upon a finding that a claim for relief was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party. Such costs may be awarded regardless of the good faith of the attorney or client making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in their favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim."

Under this section an award of costs and attorney's fees is discretionary with the Court if there is a finding that a claim for relief is frivolous.

Section 28–26–31, NDCC, provides as follows:

"Allegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

■ Pursuant to NDCC § 28–26–31, an award of attorney's fees is within the discretion of the trial court, and the trial court can exercise that discretion only when the record discloses evidence that the pleadings were made without reasonable cause and not in good faith and are found to be untrue. *Westchem Agricultural Chemicals v. Engel*, 300 N.W.2d 856 (N.D.1980).

In this instance we must keep in mind that Walter had previously acknowledged paternity of Jane. Although Walter asserts that he was fraudulently induced by Diane to acknowledge paternity, nothing was developed in the record which is before us to support this assertion. Neither does the record reflect that Walter directly contested the question of paternity. The facts, as ultimately developed, were consistent with Walter's previous acknowledgment.

■ A father has a legal and moral obligation to support his children. *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D.1970). The interests of the child and the need for proper care must also be considered along with the financial position of the parents.

In this instance the relative financial positions of the parties, as ultimately found by the trial court, disclose a situation in which the need for money to properly provide for the child was of some degree of urgency. In this respect Diane's affidavit in support of the motion for temporary support reflected the financial positions. Our society cannot and should not require one parent to bear the financial burden of rearing a child without the help of the other parent.

Based on these considerations and the factual situation as developed in this case, we believe Diane's motion was not unfounded, and we do not believe the trial court abused its discretion in refusing to award attorney's fees to Walter to defend the motion.

The second issue raised by Walter is that the district court erred in awarding Diane her attorney's fees. Walter asserts that the record is totally lacking in foundation for the award of attorney's fees to Diane. The district court ordered Walter to pay reasonable attorney's fees incurred by Diane and allowed Diane's counsel to submit an itemized bill to the court to determine the attorney's fees. Walter points out that there was no evidence admitted at trial as to the need for or advisability of efforts expended by Diane's attorney on her behalf. Further, Walter's counsel had no opportunity to examine Diane's counsel on the statement made and submitted, and the statement failed to itemize the time spent by Diane's counsel on each item of work for which fees were claimed, nor does the statement reflect an hourly rate.

We note that the itemized bill submitted by counsel for Diane contained approximately 120 entries for a period of time spanning over a year.

In *Hughes v. North Dakota Crime Victims Reparation Board*, 246 N.W.2d 774, 777 (N.D.1976), we adopted the following guidelines for determining reasonable attorney's fees:

"... (1) time and labor required (distinguishing between legal work in the strict sense, and investigation, clerical work, and compilation of facts and statistics); (2) the novelty and difficulty of the questions (he should not be penalized for accepting a challenge which may result in making new law); (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In *City of Bismarck v. Thom*, 261 N.W.2d 640, 646 (N.D.1977), we set out the following procedure and factors to be considered by the trial judge in determining reasonable attorney's fees:

"We conclude, after reviewing all of the foregoing and related cases, that in determining a reasonable fee the trial judge must first determine the number of hours expended. Whenever possible his findings should be made upon contemporaneous records, and when such records are not available, then upon reasonable reconstruction or estimates of time amounts. The trial judge must then assign specific hourly rates based upon the attorney's experience and reputation which will constitute the 'lodestar.' The hourly rate can be adjusted upwards or downwards on the basis of objective evaluation of the complexity and novelty of the litigation and the corresponding degree of skills displayed by the attorney.

"The trial court or judge should also consider the character of the services rendered, the results which the attorney obtained, and the customary fee charged in the locality for such services, as well as the ability and skill of the attorney. The court should not rely on any single item in determining reasonable attorney fees. The number of hours spent in total and the rate per hour are the predominant

factors in determining reasonable attorney fees.

"We recognize that it is virtually impossible to set out every conceivable item that should be considered, and for this reason we do not attempt to do so. However, if the trial judge finds justification or reason to include something else of significance he should state those reasons and justifications for the inclusion in his ultimate determination."

▮ In this instance, the itemized bill submitted by Diane's counsel does not contain the number of hours expended by him. However, as we have noted, the itemized bill contains approximately 120 entries ranging over a time period of over one year. Further, the trial court determined that attorney's fees in the amount of $550.00, plus $28.50 in costs, were allowed. Although the procedure we announced in *City of Bismarck v. Thom, supra,* was not explicitly followed, we cannot operate in a vacuum in reviewing the award of attorney's fees in this instance. The record reflects that at least three hearings on the matter were held.[2] The itemized bill reflects approximately fifteen office conferences with Diane over the course of a year. Furthermore, the record reflects that Diane was required to answer interrogatories. Based on the items set forth in the itemized bill, the number of appearances, the court's expertise, and the attorney's fees awarded in this instance, we cannot say that the attorney's fees awarded were not reasonable.

The last issue raised by Walter is that the trial court erred in awarding support for the minor child in the amount of $220.00 per month. Walter asserts that a number of mistakes were made by the trial court which resulted in an onerous and unwarranted support burden. Walter urges this Court reduce his current obligation to $125.00 per month.

▮ The award of support in a paternity action is a finding of fact and will not be reversed by this Court unless clearly erroneous. *C. B. D. v. W. E. B.,* 298 N.W.2d 493 (N.D.1980); Rule 52(a), North Dakota Rules of Civil Procedure. A trial court's findings of fact are clearly erroneous when although there is some evidence to support them, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *C. B. D. v. W. E. B., supra.*

▮ Section 14–17–14(5), North Dakota Century Code, sets forth general factors to be considered by the trial court in determining a figure for child support and provides as follows:

"5. In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall consider all relevant facts, including:

a. The needs of the child.

b. The standard of living and circumstances of the parents.

c. The relative financial means of the parents.

d. The earning ability of the parents.

e. The need and capacity of the child for education, including higher education.

f. The age of the child.

g. The financial resources and the earning ability of the child.

h. The responsibility of the parents for the support of others.

The district court found that Walter had a monthly income of $1,759.00, with monthly expenses of $1,307.00, and that Diane had a monthly income of $642.00, with monthly expenses of $762.00.

Walter raises several points of error concerning the computation of these incomes and expenses and asserts that child support

2. One hearing was on the motion for temporary support. Although nothing was resolved on the record before us with reference to temporary support, the order issued after this hearing required blood tests to be taken and also appointed a guardian ad litem. A second hearing was before the juvenile referee, at which time Walter admitted paternity. A third hearing was on the issue of child support.

in the amount of $220.00 per month has stripped him of virtually his entire monthly disposable income.

Diane asserts that, based on the record, the income and expense figures for both her and Walter could be adjusted in either direction.

We have reviewed the record and we agree that the evidence could support adjustments in the income and expenses in either direction. Based on this, we conclude that the award of $220.00 per month for current support is not clearly erroneous. In reaching this conclusion we must consider the interests and welfare of the minor child. Furthermore, we must also keep in mind the parental obligation of support for minor children.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.