2007 ND APP 1

**Roland C. RIEMERS, Plaintiff and Appellant**

v.

**STATE of North Dakota, North Dakota State Fair Association, Gary Knell, personally and as President of State Fair Association, Bob Wagoner, personally and as State Fair Manager, and Renae Korslien, personally and as Concessionaire Manager, Defendants and Appellees.**

No. 20060310CA.

Court of Appeals of North Dakota.

April 27, 2007.

Review Denid June 20, 2007.

Roland C. Riemers (pro se), Emerado, ND.

Douglas Alan Bahr, Solicitor General, Office of Attorney General, Bismarck, ND, for defendants and appellees.

PER CURIAM.

[¶ 1] Roland Riemers appeals from summary judgment dismissing his action against the North Dakota State Fair Association ("the Association") in which Riemers challenged the constitutionality of an Association rule prohibiting solicitations at the North Dakota State Fair. We affirm and remand to the district court to determine the Association's attorney fees for this appeal.

I

[¶ 2] The Association is a statutory agency created under N.D.C.C. § 4–02.1–01 to conduct an annual state fair. The

Association has adopted a rule for the fair prohibiting the solicitation and gathering of signatures for petitions except from a paid concession location. The solicitation rule states, "No person, parties or organizations shall distribute any kind of literature, or gather signatures for petitions, other than from a paid concession location—no walking concessions nor gathering of signatures for petitions other than from a paid concession location will be allowed."

[¶ 3] During the 2006 State Fair, Riemers was asked to leave the fairgrounds after he began stopping patrons as they entered the fairgrounds to solicit signatures for a petition. Riemers returned to the fair a couple of days later and rented a concession booth for the remaining days of the fair to solicit signatures for his petition. Riemers was required to pay a pro-rata fee of $194.40 to rent the booth, and was required to purchase liability insurance.

[¶ 4] Riemers sued the Association for more than $200,000 in damages, claiming the solicitation rule violated his right to free speech under the First Amendment of the United States Constitution and Article I, §§ 1, 4, 5, and 21 of the North Dakota Constitution. The Association answered Riemers' complaint and moved for summary judgment. Riemers failed to respond to the Association's motion. The district court granted summary judgment dismissing Riemers' action. Riemers moved for reconsideration claiming he did not respond to the motion for summary judgment due to a clerical error. The court denied his motion, stating its decision to grant summary judgment did not depend solely on Riemers' failure to respond, but rather was based on case law that established his claim was frivolous. The court ordered Riemers pay the Association's attorney fees.

## II

[¶ 5] A court's decision on a motion for summary judgment is a question of law, which we review de novo on the record. *Trinity Hosps. v. Mattson*, 2006 ND 231, ¶ 10, 723 N.W.2d 684. "Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." *Zuger v. State*, 2004 ND 16, ¶ 7, 673 N.W.2d 615.

> The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact.
>
> In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment. The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.
>
> Mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim. If no pertinent evidence on an essential element is presented to the trial court in resistance to a motion for summary judgment, it is presumed that no such evidence exists.

*Id.* at ¶ 8 (internal quotations and citations omitted).

[¶ 6] Riemers failed to respond to the Association's motion and present any evidence raising an issue of material fact. The only issues to be resolved were questions of law.

[¶ 7] Riemers claims the Association's solicitation rule violated his right to free speech. The North Dakota Supreme Court considered a similar claim in *Bolinske v. North Dakota State Fair Ass'n*, 522 N.W.2d 426, 434 (N.D.1994), and held the Association's solicitation rule constituted a reasonable time, place, and manner restriction, which leaves open ample alternative channels for communication, and therefore does not violate the First Amendment. The Association's rule prohibiting solicitation has not changed since *Bolinske*, and we are not persuaded that *Bolinske* was wrongly decided or that it does not control our resolution of the constitutional issues.

■ [¶ 8] Riemers argues the fees charged for renting a booth are excessive because the fees are more than the administrative costs of assigning the booth. A similar claim was also addressed in *Bolinske*, at 436. Generally only fees that cover the administrative costs of a permit or license are permissible, but when a government agency is engaged in a commercial enterprise raising revenue is a significant interest. *Id.* The State Fair is a commercial enterprise, whose survival depends upon generating sufficient revenue to cover its annual operating costs. *Id.* Riemers failed to present any evidence raising an issue of material fact that the fees charged in this case were excessive.

[¶ 9] Riemers contends the Association's requirement that a renter purchase liability insurance violated his right to free speech. However, Riemers also failed to present any evidence raising an issue of material fact on this issue.

■ [¶ 10] Riemers also claims summary judgment was not appropriate because he did not have a reasonable opportunity for discovery to develop his position opposing the motion. Rule 56(f), N.D.R.Civ.P., allows for further discovery:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

While compliance with the Rule 56(f) affidavit requirement is preferred, a request for additional discovery at a hearing may be sufficient if the party explains to the court what information is sought, how the information would preclude summary judgment, and why it has not been previously obtained. *Choice Financial Group v. Schellpfeffer*, 2006 ND 87, ¶ 18, 712 N.W.2d 855. Riemers did not request time for further discovery before summary judgment was granted, and he failed to comply with the Rule 56(f) requirements.

[¶ 11] We affirm the district court's grant of summary judgment.

III

■ [¶ 12] Riemers claims the district court erred in awarding the Association attorney fees. He argues a reasonable person, in his position, could have expected a judgment in their favor because the facts of this case are contrary to the ruling in *Bolinske*. The district court's decision to award attorney fees will not be reversed on appeal unless the court abused its discretion. *Heng v. Rotech Med. Corp.*, 2006 ND 176, ¶ 30, 720 N.W.2d 54. Sec-

tion 28–26–01, N.D.C.C., requires a district court to award a prevailing party attorney fees if a claim for relief is frivolous. A claim is frivolous when there is " 'such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor.' " *Deacon's Dev., LLP v. Lamb,* 2006 ND 172, ¶ 12, 719 N.W.2d 379 (quoting *Peterson v. Zerr,* 477 N.W.2d 230, 236 (N.D.1991)). We conclude the district court did not abuse its discretion in deciding Riemers' claims were frivolous and in awarding the Association attorney fees.

IV

[¶ 13] The Association requests attorney fees for this appeal. An award of costs, including reasonable attorney fees, is authorized under N.D.R.App.P. 38 for a frivolous appeal. An appeal is frivolous if it is " 'flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith.' " *Riemers v. O'Halloran,* 2004 ND 79, ¶ 16, 678 N.W.2d 547 (quoting *Questa Res., Inc. v. Stott,* 2003 ND 51, ¶ 7, 658 N.W.2d 756).

Considering the Supreme Court's decision in *Bolinske* and that Riemers failed to respond to the Association's motion for summary judgment or present any evidence raising an issue of material fact, we conclude his appeal is flagrantly groundless and the Association is entitled to attorney fees for the appeal. The Association did not submit any documentation of its attorney fees, and we remand to the district court for a determination of reasonable attorney fees for this appeal.

V

[¶ 14] We affirm the summary judgment dismissing Riemers' action and awarding attorney fees, and we remand for a determination of reasonable attorney fees for this appeal.

[¶ 15] BENNY A. GRAFF, S.J., Chief Judge, WILLIAM F. HODNY, S.J., and EVERETT NELS OLSON, S.J. concur.