2008 ND 101

**Roland C. RIEMERS, Plaintiff
and Appellant**

v.

**STATE of North Dakota, North Dakota
State Fair Association, Gary Knell,
personally and as President of State
Fair Association, Bob Wagoner, per-
sonally and as State Fair Manager,
and Renae Korslien, personally and as
Concessionaire Manager, Defendants
and Appellees.**

No. 20070317.

Supreme Court of North Dakota.

June 2, 2008.

Roland C. Riemers, *pro se*, Emerado, ND, plaintiff and appellant.

Douglas Alan Bahr, Solicitor General, Office of Attorney General, Bismarck, ND, for defendants and appellees.

CROTHERS, Justice.

[¶ 1]  Roland Riemers appeals the district court's order granting attorney's fees arising from his suit against the State of North Dakota.  We affirm the district court's order because the court did not abuse its discretion when determining the amount of attorney's fees.

I

[¶ 2]  On September 21, 2006, Riemers filed a lawsuit against the State of North Dakota, the North Dakota State Fair Association and several individuals involved with the State Fair Association.  The district court granted summary judgment because the allegations made in Riemers' complaint were legally identical to those considered in *Bolinske v. N.D. State Fair Ass'n* and were dispositive of the issues

Riemers raised. 522 N.W.2d 426 (N.D. 1994). The district court determined Riemers' case was frivolous and awarded attorney's fees of $1,237.26 to the defendants.

[¶ 3] Riemers appealed to the North Dakota Court of Appeals. *See Riemers v. State*, 2007 ND App 1, 731 N.W.2d 620. The court upheld both the summary judgment order and the award of attorney's fees. *Id.* at ¶ 14. The court of appeals also awarded the State additional attorney's fees under N.D.R.App.P. 38 for legal work performed in preparation of the appeal. *Riemers*, at ¶ 13. The appellate court remanded the matter to the district court to determine a reasonable amount of attorney's fees. *Id.* at ¶ 14. Riemers petitioned this Court to review the court of appeal's decision under N.D. Sup.Ct. Admin. R. 27 § 13. This Court denied the petition.

[¶ 4] A hearing was held by the district court on August 22, 2007 to ascertain the amount of the fee award. The district court determined $1,881.78 was a reasonable amount. While not explicitly stated in the order, this amount was based on the affidavit of Deborah Matzke, an account specialist with the Attorney General's Office. In her affidavit, Matzke stated the Attorney General's Office billed the North Dakota Risk Management Fund for twenty-four hours of attorney work ($1,287.84) and nineteen hours of paralegal time ($593.94).

[¶ 5] Riemers appeals the award of attorney's fees to this Court, arguing (1) the court should have followed the American Rule, (2) attorney's fees should not have been awarded because the State was acting pro se, (3) paralegal fees should not have been included, (4) the district court failed to follow N.D.R.Civ.P. 54(e), and (5) the amount of fees was not sufficiently proven.

II

[¶ 6] We are unable to consider Riemers' first two issues because they are not properly before this Court. Riemers' petition for review of the court of appeals decision pursuant to N.D. Sup.Ct. Admin. R. 27 § 13 was denied by this Court. When this Court denies a petition to review a court of appeals decision, the decision becomes final. *Interest of S.J.F.*, 2000 ND 158, ¶ 17, 615 N.W.2d 533. "Once an appellate court has finally determined a legal question and remanded the case for further proceedings, its decision becomes the law of the case and will not be differently determined on a subsequent appeal in the same case." *Id.*

[¶ 7] Here, the court of appeals determined the State could recover attorney's fees and remanded this case to the district court for a determination of amount. Therefore, the issues Riemers raises regarding whether attorney's fees are recoverable in this case are res judicata. The doctrine of res judicata "bar[s] courts from relitigating claims and issues in order to promote the finality of judgments, which increases certainty, avoids multiple litigation, wasteful delay and expense, and ultimately conserves judicial resources." *Ungar v. N.D. State University*, 2006 ND 185, ¶ 10, 721 N.W.2d 16. Both Riemers' "American Rule" argument and his pro se argument address whether attorney's fees are available in this case. The court of appeals decision on this issue is final, and we may not consider any of the component arguments on this appeal.

III

[¶ 8] Riemers' three final issues address the amount of fees awarded rather than whether fees are generally appropriate. "A trial court is considered an expert in determining the amount of attorney fees. Its decision concerning the amount

and reasonableness of the attorney's fees will not be overturned on appeal absent a clear abuse of discretion." *CybrCollect, Inc. v. N.D. Dep't of Fin. Insts.,* 2005 ND 146, ¶ 39, 703 N.W.2d 285 (internal citations omitted). "An abuse of discretion occurs when a trial court acts in an arbitrary, unconscionable, or unreasonable manner." *Anchor Estates Inc. v. State,* 466 N.W.2d 111, 113 (N.D.1991).

## A

■ [¶ 9] Riemers argues that any fees associated with the work of paralegals should be excluded from the attorney's fees award because a paralegal is not a licensed attorney. We disagree.

[¶ 10] Charges arising out of work performed by paralegals was traditionally included in an attorney's hourly rate. *W. Va. Univ. Hosps. v. Casey,* 499 U.S. 83, 100, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), *superseded by statute,* Civil Rights Act of 1991, Pub.L. No. 113, 105 Stat. 1079 (distinguishing between paralegal costs, which are traditionally included in attorney's fees, and expert witness costs, which are traditionally excluded). This policy promotes the use of paralegals by attorneys to reduce the cost of litigation. *See W. Va. Univ. Hosps.,* at 106, 111 S.Ct. 1138; *see also Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253, 1257 (9th Cir.2006) (paralegal fees may be included in attorney's fees awards when the billing custom of the relevant market is followed); *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,* 426 F.3d 694, 716 (3d Cir.2005) (prohibition of inclusion of paralegal costs would "encourage lawyers to do paralegals' work").

[¶ 11] There is no case law directly addressing this question in North Dakota, though this Court has upheld an award of attorney's fees that included paralegal costs. *Ritter, Laber & Assoc. v. Koch Oil,*

*Inc.,* 2007 ND 163, ¶¶ 26, 36, 740 N.W.2d 67 (fees awarded to prevailing party in class action under N.D.R.Civ.P. 23(p) included those of paralegal). The North Dakota Rules of Professional Conduct suggest paralegal fees may properly be awarded. *See* N.D.R. Prof. Conduct 1.5(f) ("A lawyer may charge for work performed by a legal assistant."). These indications from North Dakota law coupled with the persuasiveness of the federal cases bespeak the propriety of allowing paralegal costs to be included in reasonable attorney's fees. The trial court did not err by awarding paralegal costs.

## B

■ [¶ 12] The court of appeals awarded attorney's fees under N.D.R.App.P. 38, which states, "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." Riemers argues an award of appellate attorney's fees must procedurally comply with N.D.R.Civ.P. 54(e)(2):

> "A claim for attorneys' fees and related nontaxable expenses not determined by the judgment must be made by motion. The motion must be served and filed not later than 15 days after notice of entry of judgment. The trial court may decide the motion even after an appeal is filed."

However, N.D.R.Civ.P. 54(e)(2) does not require strict adherence when the district court is operating under a directive from a higher court. *Jorgenson v. Ratajczak,* 1999 ND 65, ¶ 10, 592 N.W.2d 527 (motion for attorney's fees timely when filed after the fifteen-day deadline when award of attorney's fees was addressed by higher court). Furthermore, the Rules of Civil Procedure "do not supersede the provisions of statutes relating to appeals to or

review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes." N.D.R.Civ.P. 81(b). Rule 38, N.D.R.App. P., leaves the award of appellate attorney's fees to the court's determination and is not restricted by the procedures of N.D.R.Civ.P. 54(e)(2).

[¶ 13] Motions may also be made on affidavits or on oral testimony. N.D.R.Civ.P. 43(e); *see also Binek v. Ziebarth*, 452 N.W.2d 327, 328 (N.D.1990) (oral motion for costs considered when unaccompanied by written motion, affidavit or brief). Here, the State submitted an affidavit from the Attorney General's office listing relevant attorney's fees. No transcript of the fee proceeding was provided, so it is not possible to determine how the State submitted its request for fees, or if Riemers objected to the lack of written motion. Riemers had the duty to provide a transcript if necessary to support his issues on appeal, and he assumed the consequences of the failure to provide a transcript. *Flattum–Riemers v. Flattum–Riemers*, 2003 ND 70, ¶ 8, 660 N.W.2d 558; *Wagner v. Squibb*, 2003 ND 18, ¶ 5, 656 N.W.2d 674.

▪ [¶ 14] The procedures governing motions are primarily intended to put parties on notice of claims sought by adverse parties. *Shipley v. Shipley*, 509 N.W.2d 49, 55 (N.D.1993). Riemers requested the proceeding, and he therefore knew attorney's fees would be determined at the August 22, 2007 hearing. Given these numerous reasons, Riemers' argument under N.D.R.Civ.P. 54(e)(2) fails.

### C

▪ [¶ 15] Riemers argues the State did not prove it paid the North Dakota Risk Management Fund for the attorney's fees, only that the bill was submitted. "Whether this Court reviews the reasonableness of attorney's fees under Rule 52 of the North Dakota Rules of Civil Procedure or under the abuse of discretion standard, facts are required." *Gratech Co., Ltd. v. Wold Engineering, P.C.*, 2007 ND 46, ¶ 19, 729 N.W.2d 326. An itemized bill may be used to establish attorney's fees. *See D.M. v. W.J.S.*, 315 N.W.2d 683, 687 (N.D.1982). When no evidence and no specific findings of fact exist, it is not possible for this Court to review the appropriateness of attorney's fees. *Gratech*, at ¶ 19. Here, however, the State introduced an affidavit indicating the amount of attorney's fees by the number of hours worked and the hourly rate. The district court awarded that amount, stating, "After considering all matters of record at conclusion of hearing, the Court determines $1,881.78 to be a fair and reasonable reimbursement figure in this case." It is clear from the record that the district court based its determination of attorney's fees on Matzke's affidavit and in so doing did not abuse its discretion. *See Healy v. Healy*, 397 N.W.2d 71, 75 (N.D.1986) ("Findings that enable this court to understand the reasoning behind the court's decision are all that is necessary.").

### IV

[¶ 16] We conclude the district court did not abuse its discretion when determining the amount of attorney's fees awarded; therefore, we affirm the district court's order.

[¶ 17] DANIEL J. CROTHERS, Acting Chief Justice, ALLAN L. SCHMALENBERGER, D.J., and ROBERT W. HOLTE, RONALD E. GOODMAN, BURT L. RISKEDAHL, S.JJ.

[¶ 18] The Honorable ALLAN L. SCHMALENBERGER, D.J.; ROBERT

W. HOLTE, BURT L. RISKEDAHL, and RONALD E. GOODMAN, S.JJ., sitting in place of VANDE WALLE, C.J.; and KAPSNER, MARING, and SANDSTROM, JJ., disqualified.