2001 ND 122

**Evan BERG, Plaintiff and Appellee,**

v.

**DAKOTA BOYS RANCH AS-
SOCIATION, Defendant
and Appellant.**

**No. 20000301.**

Supreme Court of North Dakota.

July 10, 2001.

Mark R. Hays (argued) and Herbert L. Meschke of Pringle & Herigstad, P.C., Minot, for defendant and appellant.

Richard L. Hagar of Kenner Sturdevant Peterson & Cresap, P.C., Minot, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] The Dakota Boys Ranch Association ("Boys Ranch") appeals from a trial court order,[1] arguing the trial court erred in denying summary judgment and in admitting an exhibit into evidence. We affirm.

I

[¶ 2] Evan Berg worked at the Boys Ranch. On November 20, 1996, the Boys Ranch terminated his employment. The parties disputed the reasons for his termination. Berg claimed he was terminated for reporting suspected child abuse. The Boys Ranch claimed he was terminated for allowing a subordinate to leave early and covering for her. Although Berg did not work after November 20, 1996, the Boys Ranch paid him through the first two weeks of December. On December 31, 1996, Berg signed a release in exchange for a check for $1,396.14. The amount included compensation for his unused vacation time and an amount equal to his regular wages for the last half of December.

[¶ 3] Berg sued for wrongful termination, asserting he was fired in retaliation for reporting the suspected child abuse, in violation of N.D.C.C. § 50–25.1–09.1. The Boys Ranch moved for summary judgment, arguing Berg's claim had been settled and Berg had signed a release. The trial court denied the motion, reasoning there was a question of fact as to whether Berg was coerced into signing the release by psychological and economic hardship. At trial, the Boys Ranch did not use the signed release to defend its termination of Berg. In fact, Berg introduced the release into evidence over the Boys Ranch's objection. At the close of the evidence, the Boys Ranch moved for judgment as a matter of law, without further elaboration, ex-

1. A final appealable judgment was subsequently entered.

planation, or argument. The trial court denied the motion. The jury returned a special verdict finding the Boys Ranch wrongfully terminated Berg and awarding him $42,000 in damages. The trial court entered judgment in favor of Berg.

[¶ 4] On appeal, the Boys Ranch argues the trial court erred in denying summary judgment and in admitting the signed release into evidence.

## II

[¶ 5] The Boys Ranch argues the trial court erred in denying its motion for summary judgment based on the release Berg signed.

[¶ 6] An order or judgment denying a motion for summary judgment is nonappealable. *Hellman v. Thiele*, 413 N.W.2d 321, 329 (N.D.1987). However, we have stated that nonappealable interlocutory orders may be reviewed on appeal from a judgment. *Herzog v. Yuill*, 399 N.W.2d 287, 292 (N.D.1987); *see, e.g., In re Ketterling*, 515 N.W.2d 158 (N.D.1994) (involving an order denying a change of judge); *Adolph Rub Trust, First Trust Co. of N.D. v. Rub*, 474 N.W.2d 73 (N.D.1991) (involving an order denying a jury trial). "In fact most intermediate orders which are non-appealable may be reviewed as an incident to or a part of the final action of the court." *Stormon v. Dist. Court of Pierce County*, 76 N.D. 713, 718, 38 N.W.2d 785, 787 (1949).

[¶ 7] Rule 35(a), N.D.R.App.P., which authorizes review of nonappealable orders, provides:

(a) Civil Appeals; Intermediate Orders. Upon an appeal from a judgment, the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment appearing upon the record transmitted or returned from the trial court.

[¶ 8] The requirement that an intermediate order or determination must involve the merits and necessarily affect the judgment to be reviewable on appeal from the judgment has been in effect since territorial days. *Herzog*, 399 N.W.2d at 292–93 (citing Code of Civil Procedure, Revised Codes of the Territory of Dakota, § 411 (1877)).

[¶ 9] In *Herzog*, we specifically explained that a denial of summary judgment does not involve the merits of a case because it leaves the issue still pending before the court:

"An order which leaves the point involved still pending before the court, and undetermined, does not involve the merits." *Schaff v. Kennelly*, 69 N.W.2d 777, 780 (N.D.1955) (quoting *Ferguson v. Jensen*, 76 N.D. 647, 650, 38 N.W.2d 560, 562 (1949)). "A denial of summary judgment is not a decision on the merits; it simply is a decision that there is a material factual issue to be tried." 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2712, p. 587 (1983). "An order denying a motion for summary judgment is merely interlocutory and, leaving the case pending for trial, it decides nothing except that the parties may proceed with the case." *Rude v. Letnes*, 154 N.W.2d 380, 381 (N.D.1967).

399 N.W.2d at 293.

[¶ 10] Once a case proceeds to trial, the question of whether a party has met its burden as to the elements of a claim must be answered with reference to the evidence and the record as a whole, rather than by looking to the pretrial submissions alone. *See* 10 James Wm. Moore et al., *Moore's Federal Practice* § 56.41[3][d] (3d

ed.1999) (stating that the district court's judgment on the verdict after a full trial on the merits supersedes the earlier summary judgment proceedings).

The general rule is that all interlocutory orders in the action are merged into the final judgment and may be reviewed on appeal of that judgment. If summary judgment is denied, however, and the case goes to judgment on the merits after a full trial, the issue of whether the pretrial, summary judgment proof was sufficient or not is moot; instead, only the sufficiency of the evidence at trial may be raised, e.g., by a properly preserved motion for judgment as a matter of law. Thus, an interlocutory denial of summary judgment may not be raised on appeal from the final judgment after a trial on the merits. The movant can, however, preserve for appellate review the same issues raised by the summary judgment motion by making appropriate motions for judgment as a matter of law at the close of all the evidence and after the verdict is returned.

James Wm. Moore, *Moore's Federal Rules Pamphlet, 2001, Part 1: Federal Rules of Civil Procedure* § 56.8[2] (2000) (citations omitted); *see also Pleadings and Motions,* 28 Fed. Proc., L.Ed., § 62:636 (1996) (stating the proper redress for the allegedly erroneous denial of summary judgment is not through appeal of the denial, but through subsequent motions under Rule 50 for judgment as a matter of law); 10 James Wm. Moore et al., *Moore's Federal Practice* § 56.41[3][f] (3d ed.1999) (stating if summary judgment is erroneously denied based on factual disputes, the proper procedure is to make a motion for judgment as a matter of law at the close of the evidence, and an appellate court may then review the denial of that motion).

[¶ 11] We conclude the Boys Ranch's contention the trial court erred in denying summary judgment is moot. The appropriate question on appeal is whether the trial court erred in denying the Boys Ranch's motion for judgment as a matter of law.

[¶ 12] A trial court's decision on a motion for judgment as a matter of law is fully reviewable on appeal. *In re Dion,* 2001 ND 53, ¶ 33, 623 N.W.2d 720. A trial court's decision on a motion brought under N.D.R.Civ.P. 50 to grant or deny judgment as a matter of law is based on whether the evidence, when viewed in the light most favorable to the party opposing the motion, leads to but one conclusion as to the verdict about which there can be no reasonable difference of opinion. *Dion,* 2001 ND 53, at ¶ 33, 623 N.W.2d 720. In determining whether the evidence is sufficient to create an issue of fact, the trial court must view the evidence in the light most favorable to the nonmoving party, and must accept the truth of the evidence presented by the nonmoving party, and the truth of all reasonable inferences from that evidence. *Id.* at ¶ 33.

[¶ 13] At trial, Berg presented his wrongful termination case to the jury. The Boys Ranch attempted to defend by showing a reasonable explanation for Berg's termination. It did not pursue its legal theory that the signed release barred the claim. At the close of the evidence, the Boys Ranch moved for judgment as a matter of law, but said nothing more. No basis for that motion was articulated to the trial court; no argument was offered. The trial court denied the motion. Although the Boys Ranch may have intended by its motion to preserve its argument that the signed release barred Berg's action, the Boys Ranch had failed to present evidence during the trial to support that issue. During the trial, the Boys Ranch not only

abandoned its argument that the signed release barred the action, it even objected to Berg's offer of the release as evidence. On the record presented, we conclude the Boys Ranch abandoned its argument that the signed release barred Berg's claim. Because the argument was abandoned at the trial, it has not been preserved for appellate review, and we do not consider it.

## III

[¶ 14] The Boys Ranch argues the trial court erred in admitting the release into evidence because Berg did not limit his offer of the release to a valid specific purpose, such as bias or prejudice of a witness.

[¶ 15] Rule 408, N.D.R.Ev., specifies that evidence of a compromise of a disputed claim is not admissible to prove liability or the amount of the claim. The explanatory note to N.D.R.Ev. 408 states, "Whenever the evidence is introduced for a purpose other than proving liability or validity, . . . the rule does not apply."

[¶ 16] The record indicates the release was offered to rebut testimony that Berg was fired for taking excessive leave by showing he had ample leave accrued. After the Boys Ranch objected to Berg's introduction of the release, Berg's counsel stated:

> [O]n page 29 of that document under vacation, it does state that accrued vacation will be paid upon termination. It also states that when an employee resigns, vacation days may not be used in lieu of request of notification. So, as a counter to Mr. Hays' argument that, that the Exhibit 13 was some for—some form of settlement or compromise, I would argue that part of that exhibit shows twelve hundred dollars for vacation pay, or for vacation days, and that again, the testimony from Mr. Berg was

that he didn't get his check unless he signed the document.

[¶ 17] Because the release was not offered to prove liability or the amount of the claim, the trial court did not err in admitting the release into evidence.

## IV

[¶ 18] The judgment of the trial court is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ.,