# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 19

Darlene Jean Johnson,                                Plaintiff and Appellee

v.

Menard, Inc.,                                        Defendant and Appellant

## No. 20200126

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Tyler J. Siewert (argued) and Meggi R. Ihland Pelton (on brief), Bismarck, ND, for plaintiff and appellee.

Lisa M. Six, Williston, ND, for defendant and appellant.

# Johnson v. Menard
## No. 20200126

**VandeWalle, Justice.**

[¶1]   After a jury trial, Menard, Inc. ("Menards") appealed from an order denying a motion for summary judgment, an order denying a motion for judgment as a matter of law, an order granting attorney's fees, an order as to the amount of attorney's fees recoverable and entry of judgment, and a judgment. We affirm, but remand for consideration of attorney's fees for this appeal.

I

[¶2]   On May 6, 2013, Darlene Johnson visited a Menards store in Minot to exchange an item. A Menards employee directed Johnson to find the exchange in the store and return to the service counter. Johnson turned toward her right and started walking away. Almost immediately, Johnson tripped over a flatbed cart. The cart was one Menards offers its customers to use while in the store. As a result of the trip and fall, Johnson cracked seven teeth.

[¶3]   On August 16, 2017, Johnson filed a negligence action against Menards in small claims court seeking damages in the amount of $14,818.00. Menards removed the case to district court. Johnson then amended her claim with the consent of Menards. In the amended complaint, Johnson sought a jury trial and "a reasonable amount but not less than $50,000" in damages. Before trial, Menards moved for summary judgment contesting whether sufficient facts created a duty of care it owed to Johnson. The court denied the motion. At trial, Menards moved for judgment as a matter of law at the close of Johnson's case. Menards again claimed insufficient evidence existed to require a duty of care Menards owed Johnson. Alternatively, Menards argued it had met any duty it owed Johnson. The court denied the motion. Menards did not renew its motion for judgment as a matter of law at the close of its case or after the jury returned the verdict.

[¶4]   The jury returned a verdict awarding Johnson $36,392.00 in damages plus three percent interest. After briefing and argument, the court granted Johnson $144,476.97 in attorney's fees under N.D.C.C. § 27-08.1-04.

## II

[¶5]   Menards argues the district court erred when it denied Menards' motion for summary judgment and motion for judgment as a matter of law. "Once a case proceeds to trial, the question of whether a party has met its burden as to the elements of a claim must be answered with reference to the evidence and the record as a whole, rather than by looking to the pretrial submissions alone." *Berg v. Dakota Boys Ranch Ass'n*, 2001 ND 122, ¶ 10, 629 N.W.2d 563. A full trial renders sufficiency of the evidence issues raised in summary judgment motions moot. *Id.* After a full trial, the proper redress for an allegedly erroneous denial of summary judgment for insufficient evidence is through subsequent motions for judgment as a matter of law. *See id.* (citing *Pleadings and Motions*, 28 Fed. Proc., L. Ed., § 62:636 (1996)). Therefore, the trial rendered the issues in Menards' motion for summary judgment moot and the proper redress here would be under a motion for judgment as a matter of law.

## III

[¶6]   Johnson argues Menards failed to preserve the issue of insufficient evidence for our review by failing to make a motion for judgment as a matter of law at the close of all the evidence and after the verdict was returned under N.D.R.Civ.P. 50(b). "The interpretation of a court rule or a statute is a question of law that we review de novo." *PHI Fin. Serv. v. Johnston Law Office, P.C.*, 2016 ND 114, ¶ 17, 881 N.W.2d 216 (quoting *State v. Chacano*, 2012 ND 113, ¶ 10, 817 N.W.2d 369).

[¶7]   A party can make a motion for judgment as a matter of law during trial under N.D.R.Civ.P. 50(a). Rule 50(b), N.D.R.Civ.P., allows a party to renew a motion for judgment as a matter of law after trial. This rule states:

> If, the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court may later decide the legal questions raised by the motion. The moving party may renew

2

its request for judgment as a matter of law by serving and filing a motion no later than 28 days after notice of entry of judgment or, if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged . . . .

N.D.R.Civ.P. 50(b).

[¶8] In *Berg v. Dakota Boys Ranch Ass'n*, this Court found an appeal of a summary judgment motion alleging insufficient evidence moot because the case went to a full trial. 2001 ND 122, ¶ 11. Instead, this Court reviewed the motion for judgment as a matter of law stating, "The movant can, however, preserve for appellate review the same issues raised by the summary judgment motion by making appropriate motions for judgment as a matter of law at the close of *all* the evidence and *after* the verdict is returned." *Id.* at ¶ 10 (quoting James Wm. Moore, *Moore's Federal Rules Pamphlet, 2001, Part 1: Federal Rules of Civil Procedure* § 56.8[2] (2000)) (emphasis added).

[¶9] In *Disciplinary Bd. v. McDonald*, this Court discussed the issue of a renewed motion for judgment as a matter of law. 2000 ND 87, ¶ 16, 609 N.W.2d 418. Although the disciplinary proceeding was quasi-judicial, this Court interpreted N.D.R.Civ.P. 50(a) stating, "Technically a party waives the right to a judgment as a matter of law if the motion is made at the close of the opponent's case, and thereafter the moving party introduces evidence on its own behalf." *Id.* (quoting 9A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 2534, at p. 322 (1995)).

[¶10] "When a state rule is derived from a corresponding federal rule, the federal courts' interpretation of the federal rule may be persuasive authority when interpreting our rule." *White v. T.P. Motel, L.L.C.*, 2015 ND 118, ¶ 20, 863 N.W.2d 915. Rule 50, N.D.R.Civ.P., resembles the corresponding federal rule. *Compare* N.D.R.Civ.P. 50, *with* Fed. R. Civ. P. 50. In the context of Rule 50 of the Federal Rules of Civil Procedure, an often-cited authority stated:

> There is authority to the effect that a party technically waives the right to a judgment as a matter of law if the Rule 50 motion is made at the close of the opponent's case, and thereafter the moving party introduces evidence in its own behalf. However, the moving

party may renew the motion at the close of all the evidence. If the party fails to renew the motion, that party may not claim error on appeal from a denial of the motion at the close of the opponent's evidence, although some courts have been willing to consider "plain error."

9B Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 2534 (2020).

[¶11] In *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, the U.S. Supreme Court interpreted Rule 50 of the Federal Rules of Civil Procedure. 546 U.S. 394, 399-407 (2006). Before the matter at issue in *Unitherm* went to the jury for deliberation, the defendant moved for a directed verdict claiming insufficiency of the evidence under Rule 50(a) of the federal rules. *Id.* at 398. The district court denied the motion and the jury returned a verdict in favor of the plaintiff. *Id.* The defendant did not renew its motion for judgment as a matter of law under Rule 50(b) of the federal rules after the verdict. *Id.*

[¶12] On appeal, the U.S. Supreme Court held without a Rule 50(b) motion "an appellate court is without power to direct the District Court to enter judgment contrary to the one it had permitted to stand." *Unitherm*, 546 U.S. at 400-01 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 218 (1947)). The Court said, "[A] party's failure to file a Rule 50(b) motion deprives the appellate court of the power to order the entry of judgment in favor of that party where the district court directed the jury's verdict . . . ." *Id.* at 401. Additionally, the Court stated, "A postverdict motion is necessary because determination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Id.* (quoting *Cone*, at 216).

[¶13] The U.S. Court of Appeals for the Eighth Circuit has held the *Unitherm* opinion is limited to post-trial appeals where sufficiency of the evidence challenges are made and a party fails to renew their motion for judgment as a matter of law under Rule 50(b). *Linden v. CNH Am., LLC*, 673 F.3d 829, 832-33 (8th Cir. 2012). The Eighth Circuit noted, "Reading *Unitherm* more broadly

would dramatically alter the well-accepted rule that an objection at trial generally preserves an issue for review on appeal." *Id.* at 833.

[¶14] We follow the interpretation of the federal courts and apply it to Rule 50 of the North Dakota Rules of Civil Procedure. During trial, a party can make a motion for judgment as a matter of law alleging insufficient evidence under N.D.R.Civ.P. 50(a). However, after the jury returns its verdict the party must renew the motion under N.D.R.Civ.P. 50(b) to preserve the sufficiency of the evidence issue for our review. Without a renewed Rule 50(b) motion, the district court has no opportunity to weigh whether all the evidence presented at trial is insufficient. The district court must have the opportunity to make an initial determination on whether the motion should be granted.

[¶15] In this case, Menards made a motion for judgment as a matter of law alleging insufficient evidence at the close of Johnson's case under N.D.R.Civ.P. 50(a). However, Menards did not renew the motion after the close of all the evidence and after the jury returned its verdict in favor of Johnson. Therefore, because Menards failed to renew its motion under N.D.R.Civ.P. 50(b) the issue was not preserved for our review and we decline to address it.

IV

[¶16] Menards argues the district court erred when it awarded Johnson her attorney's fees under N.D.C.C. § 27-08.1-04. Menards claims Johnson is not entitled to attorney's fees since Johnson amended her complaint after Menards removed the action from small claims court to district court. Section 27-08.1-04, N.D.C.C., allows a defendant to remove an action filed by the plaintiff in small claims court to district court. The relevant portion of the statute regarding attorney's fees states, "If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff." N.D.C.C. § 27-08.1-04.

> Statutory interpretation is a question of law, which is fully reviewable on appeal. The primary purpose of statutory interpretation is to determine the intention of the legislation. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a

5

contrary intention plainly appears. If the language of a statute is clear and unambiguous, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute.

*Interiors by France v. Mitzel Contractors, Inc.*, 2019 ND 158, ¶ 9, 930 N.W.2d 133 (quoting *Bindas v. Bindas*, 2019 ND 56, ¶ 10, 923 N.W.2d 803).

[¶17] A plaintiff's decision to bring an action in small claims court is irrevocable. *Bell v. Pro Tune Plus*, 2013 ND 147, ¶ 3, 835 N.W.2d 858. However, the defendant's decision to remove the action to district court is also irrevocable. *Id.* Once a case is removed to district court, the rights afforded by the district court are vested in both parties. *Id.* at ¶ 5. Before trial, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." N.D.R.Civ.P. 15(a)(2). In *Van Klootwyk v. Baptist Home* this Court stated, "The plain and commonly understood meaning of an 'action' is 'an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.'" 2003 ND 112, ¶ 16, 665 N.W.2d 679 (quoting N.D.C.C. § 32-01-02).

[¶18] After Johnson filed in small claims court, Menards elected to remove this action to district court under N.D.C.C. § 27-08.1-04. This removal vested the rights afforded by the district court in both parties. Rule 15(a)(2), N.D.R.Civ.P., allowed Johnson to amend her complaint with Menards' written consent which Menards provided. Although Johnson amended her complaint seeking a higher amount in damages and a jury trial, the amended complaint was for the same action. Johnson still alleged Menards was liable for her trip and fall injuries due to the flatbed cart.

[¶19] Menards removed the action to district court, and Johnson prevailed on her claims at trial. The jury's verdict made her a prevailing plaintiff. Therefore, the plain language of the statute required the district court to award Johnson her attorney's fees. The district court did not err when it followed the requirements of the statute.

6

[¶20] Menards also argues the district court abused its discretion regarding the amount of attorney's fees it awarded Johnson. "An award of attorney's fees is within the district court's discretion and will only be disturbed on appeal if the district court abuses its discretion." *Datz v. Dosch*, 2014 ND 102, ¶ 22, 846 N.W.2d 724. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.* (quoting *Wolt v. Wolt*, 2011 ND 170, ¶ 26, 803 N.W.2d 534).

[¶21] "An itemized bill may be used to establish attorney's fees." *Riemers v. State*, 2008 ND 101, ¶ 15, 750 N.W.2d 407. *See also Tillich v. Bruce*, 2017 ND 21, ¶ 11, 889 N.W.2d 899 (holding the predominant factors for determining reasonable attorney's fees are the number of hours spent in total and the rate per hour). In *Riemers*, this Court reviewed the reasonableness of an attorney's fees award in a frivolous lawsuit against the State. 2008 ND 101, ¶ 15. The State submitted an affidavit with the amount of attorney's fees, the number of hours worked, and the hourly rate. *Id.* This Court upheld the award and noted that it was clear from the record that the trial court used the affidavit to make the award. *Id.*

[¶22] The lodestar amount is presumed to be the reasonable fee. *Thompson v. Schmitz*, 2011 ND 70, ¶ 18, 795 N.W.2d 913. Menards claims the district court needed to use the lodestar method to calculate the amount of attorney's fees. Menards cites cases requiring the lodestar method of calculating attorney's fees under federal fee-shifting statutes. *See Palmer v. Gentek Bldg. Prod., Inc.*, 2019 ND 306, ¶ 29, 936 N.W.2d 552; *Fode v. Capital RV Ctr., Inc.*, 1998 ND 65, ¶¶ 34-36, 575 N.W.2d 682; *Duchscherer v. W.W. Wallwork, Inc.*, 534 N.W.2d 13, 16 (N.D. 1995). However, these cases require the lodestar amount because they involve a federal fee-shifting statute. *See Duchscherer*, at 16 ("Under federal fee-shifting statutes, the first step in calculating reasonable attorney fees requires calculation of the lodestar figure that represents the presumptively reasonable amount.").

[¶23] Here, Johnson did not seek attorney's fees under a federal fee-shifting statute. Rather, Johnson claimed attorney's fees under a state statute, N.D.C.C. § 27-08.1-04. As a result, the district court was not required to do the lodestar method. Like in *Riemers*, the court here used an affidavit and the itemized bill submitted by Johnson's attorneys. Therefore, the court did not abuse its discretion by using the affidavit and the itemized bill to make the award.

## VI

[¶24] Johnson argues she is entitled to attorney's fees for this appeal under N.D.C.C. § 27-08.1-04. The statute provides, "If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff." N.D.C.C. § 27-08.1-04. The statute requires the district court to award attorney's fees when the party becomes a prevailing plaintiff in the district court. *Id.* However, the statute is silent on whether this includes attorney's fees when the action continues to an appeal. *Id.* It is unclear to us whether the legislature intended to include an award of attorney's fees for an appeal.

[¶25] Although the statute is unclear, it would appear inconsistent to disallow attorney's fees for this appeal when the statute grants attorney's fees to a prevailing plaintiff. When discussing a similar statute in a previous case we stated, "This Court has decided statutory provisions authorizing an award of attorney fees to a prevailing party entitle that party to attorney fees in successfully defending a judgment on appeal . . . . [T]o disallow attorney's fees for the appeal may dilute or dissipate the party's recovery." *Rocky Mountain Steel Founds., Inc. v. Brockett Co., LLC*, 2019 ND 252, ¶¶ 23, 25, 934 N.W.2d 531 (quoting *Schwab v. Zajac*, 2012 ND 239, ¶ 27, 823 N.W.2d 737). As a result, a prevailing plaintiff should be awarded reasonable attorney's fees for the district court proceedings and for a successful appeal under N.D.C.C. § 27-08.1-04.

[¶26] "Although we have concurrent jurisdiction with the trial court to award attorney's fees on appeal, we prefer the trial court decide the issue." *Reinecke v. Griffeth*, 533 N.W.2d 695, 702 (N.D. 1995). Johnson has not filed any

8

documentation with this Court regarding her fees for this appeal. Therefore, we remand to the district court on this issue to take evidence of and award reasonable attorney's fees for this appeal.

## VII

[¶27] We affirm the orders and the judgment of the district court. We remand for consideration of Johnson's attorney's fees for this appeal.

[¶28] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte