FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JANUARY 21, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 17

Ralph Roger Fischer,                                    Plaintiff and Appellant

v.

Darin L. Hoyt,                                         Defendant and Appellee

## No. 20210164

Appeal from the District Court of Eddy County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Michael S. Joyner, Bismarck, ND, for plaintiff and appellant.

Theodore T. Sandberg, Grand Forks, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]  Ralph Roger Fischer appeals from an order denying his request for attorney's fees under N.D.C.C. § 27-08.1-04. Fischer argues the district court erred in denying his request because he is the prevailing plaintiff after removal from small claims court. Fischer also argues he is entitled to attorney's fees incurred in this appeal. We reverse and remand for an award of Fischer's attorney's fees in the district court action and on appeal.

I

[¶2]  In February 2018, Fischer and Darin L. Hoyt executed a Cattle Share Lease. Under the terms of the lease, Fischer rented pasture land to Hoyt.

[¶3]  In July 2019, Fischer sued Hoyt in small claims court arguing he was entitled to $15,000 for Hoyt's failure to pay pasture rent in 2018. Hoyt removed the case to district court and filed an answer and counterclaim, asserting Fischer breached terms of the agreement. Fischer answered the counterclaim and requested attorney's fees under N.D.C.C. § 27-08.1-04. In February 2020, Fischer received leave of court to amend his complaint and increased his alleged damages to $25,000.

[¶4]  A bench trial took place in September 2020. The district court entered its findings of fact, conclusions of law, and order for judgment, finding both parties breached the lease in different respects. Pertinent to this appeal, the district court found Hoyt breached the lease by failing to pay rent in 2018. The district court denied Fischer's request for attorney's fees stating:

> "Plaintiff requests attorney fees under N.D.C.C. 27-08.1-04 as the prevailing party. However, after removal the Plaintiff filed and served an amended complaint seeking damages above $15,000. Additionally, the claims and counterclaims in this matter were far too complex for small claims court and would have been dismissed without prejudice to refile in district court. As such the Plaintiff's claim for attorney fees is denied."

1

## II

[¶5] Fischer argues the district court erred in denying attorney's fees under N.D.C.C. § 27-08.1-04. Section 27-08.1-04, N.D.C.C., allows a defendant to remove an action filed by the plaintiff in small claims court to district court. *Id.* "If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff." *Id.*

[¶6] This Court reviews a district court's decision on attorney's fees for abuse of discretion. *Johnson v. Menard, Inc.*, 2021 ND 19, ¶ 20, 955 N.W.2d 27. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.*

## A

[¶7] Fischer argues the district court erred in denying attorney's fees because Fischer's amended complaint sought damages above the $15,000 jurisdictional limit in small claims court. *See* N.D.C.C. § 27-08.1-01. Our decision in *Johnson* is dispositive. 2021 ND 19, ¶ 19.

[¶8] In *Johnson*, the plaintiff filed a negligence action in small claims court seeking nearly $15,000 in damages. 2021 ND 19, ¶ 3. The defendant removed the case to the district court, and the plaintiff amended her complaint, seeking $50,000 in damages. *Id.* After the plaintiff prevailed at trial, the district court awarded attorney's fees under N.D.C.C. § 27-08.1-04. *Id.* at ¶ 4. On appeal, the defendant argued the plaintiff was not entitled to attorney's fees since she sought damages higher than $15,000 after the case was removed to the district court. *Id.* at ¶ 16. This Court noted a defendant's decision to remove an action to district court is irrevocable and vests the rights afforded by the district court in both parties. *Id.* at ¶ 17. The plaintiff's amended complaint was consistent with the Rules of Civil Procedure and pertained to the same cause of action brought in small claims court. *Id.* at ¶ 18. Thus, we held the district court did not err in awarding attorney's fees under N.D.C.C. § 27-08.1-04. *Id.* at ¶ 19.

2

[¶9]   Here, Fischer started this action in small claims court seeking $15,000. Hoyt removed the case to district court, which allowed both parties to pursue remedies afforded by the district court. *See Johnson*, 2021 ND 19, ¶ 17. Fischer, with leave of the court, amended his complaint and sought $25,000 in damages. Fischer's amended complaint pertained to the same small claims action—unpaid pasture rent. Therefore, the district court misinterpreted the law when it denied attorney's fees because Fischer's amended complaint sought damages above $15,000.

B

[¶10] Fischer argues the district court erred in denying attorney's fees because of the complexity of the case. Section 27-08.1-04.1, N.D.C.C., provides "If the judge determines at any stage of the proceedings that the case may not be fairly disposed of in small claims court, the judge may dismiss the case without prejudice." One reason for making that determination is based on complexity. N.D.C.C. § 27-08.1-04.1. Fischer claims the district court's finding of complexity was speculative because Hoyt removed the case to district court before the small claims court judge made that finding.

[¶11] Here, the complexity finding was not made while the action was pending in small claims court. Rather, the district court, *sua sponte*, determined the case would have been too complex for small claims court. However, N.D.C.C. § 27-08.1-04.1 allows the small claims court judge to make a complexity finding and dismiss the case. Because that finding was never made, the district court misapplied the law when it denied attorney's fees based on the complexity of the case.

III

[¶12]   Fischer claims he is entitled to attorney's fees under N.D.C.C. § 27-08.1-04 because he was the prevailing plaintiff. We agree.

[¶13] Section 27-08.1-04, N.D.C.C., states "If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff." Based on this language, the

decision whether to award attorney's fees is not within the district court's discretion. Rather, if the defendant removes a case to the district court and the plaintiff prevails, the district court must award attorney's fees. N.D.C.C. § 27-08.1-04; *see also Strand v. Cass County*, 2008 ND 149, ¶ 12, 753 N.W.2d 872 (award of attorney's fees mandatory under N.D.C.C. § 28-26-01(2) for frivolous claim).

[¶14] Hoyt argues Fischer is not the "prevailing party" because the district court found both parties breached the lease. However, N.D.C.C. § 27-08.1-04 uses the phrase "prevailing plaintiff" instead of the phrase "prevailing party." Section 27-08.1-04, N.D.C.C., does not authorize fees or costs to a prevailing "party" or "defendant."

[¶15] Words used in a statute are to be understood in their ordinary sense unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. The word "prevail" is defined as "[t]o obtain the relief sought in an action; to win a lawsuit." *Black's Law Dictionary*, 1438 (11th ed. 2019). Here, Fischer sued Hoyt in small claims court alleging Hoyt's failure to pay pasture rent in 2018 was a breach of the parties' lease. After Hoyt removed the case to the district court, the court found Hoyt breached the lease by failing to pay pasture rent in 2018 and entered judgment accordingly. Therefore, Fischer was a prevailing plaintiff under N.D.C.C. § 27-08.1-04 and is entitled to attorney's fees. We reverse the district court's order denying attorney's fees and remand for an award of Fischer's reasonable attorney's fees incurred in the district court action.

IV

[¶16] Fischer argues he is entitled to attorney's fees for this appeal under N.D.C.C. § 27-08.1-04. In *Johnson*, we held a prevailing plaintiff is entitled under N.D.C.C. § 27-08.1-04 to reasonable attorney's fees for a successful appeal. 2021 ND 19, ¶ 25.

[¶17] Although this Court has jurisdiction to award attorney's fees on appeal, we prefer the district court receive evidence and decide that issue. *Johnson,*

2021 ND 19, ¶ 26. Therefore, we remand for consideration of Fischer's reasonable attorney's fees incurred in this appeal.

V

[¶18] The district court's order is reversed and the case is remanded for an award of Fischer's reasonable attorney's fees incurred in the district court action and this appeal.

[¶19] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

5