# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 2

Larson Latham Huettl LLP,                                    Plaintiff and Appellee

v.

Michelle R. Vetter,                                    Defendant and Appellant

### No. 20230113

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by Tufte, Justice.

William C. Black, Bismarck, N.D., for plaintiff and appellee.

Michelle R. Vetter, self-represented, Bismarck, N.D., defendant and appellant.

**Tufte, Justice.**

[¶1]   Michelle Vetter appeals from a district court judgment entered after a bench trial on a claim for unpaid legal fees and counterclaim. She argues Larson Latham Huettl breached the terms of the fee agreement, unilaterally altered its terms, and committed fraud or deceit. We affirm the judgment, and remand for consideration of Larson Latham Huettl's attorney's fees for this appeal.

I

[¶2]   Michelle Vetter retained Larson Latham Huettl for legal services relating to her divorce. She paid a $6,000 retainer under a fee agreement that specified a rate of $180 per hour for legal services. Vetter later terminated the firm and retained other counsel. Her final bill exceeded the retainer by $552.

[¶3]   After Vetter failed to pay, Larson Latham Huettl filed a small claims affidavit seeking $848. Michelle Vetter answered, denying she owed any part of the claim because the legal services were not completed and the firm was terminated. Vetter also filed a counterclaim, alleging she did not receive an itemized billing from Larson Latham Huettl, disputing the amount owed, and requesting $195,000 for the additional money, time, and emotional trauma. Vetter removed the action from small claims court to district court. Larson Latham Huettl denied the allegations in the counterclaim and asserted affirmative defenses.

[¶4]   Vetter requested itemized billing statements, including in a "Second Request for Information" filed in district court. Larson Latham Huettl submitted billing statements in support of its motion for summary judgment, but the district court denied the motion for summary judgment, specifically finding the billing statements did not provide an itemization of the work performed.

[¶5]   A bench trial was held but Vetter was absent. Attorney Amanda Welder testified on behalf of Larson Latham Huettl. Welder was assigned by the firm to represent Vetter in her divorce proceedings. The firm introduced the fee agreement contract, emails, and billing statements. At conclusion of the trial, the district court granted a default judgment against Vetter and dismissed Vetter's counterclaim. The court found Vetter breached her duties under the fee agreement and ordered judgment and interest, costs, and attorney's fees. The district court specifically noted at the conclusion of trial: "Just to be clear, in this case the billing statement is what lent itself to having this hearing today from my perspective. . . . It's hard to see how much time is spent and what . . . those calculations are from the way that it's billed."

[¶6]   After trial, Larson Latham Huettl submitted a detailed, itemized billing that included the initial client work as well as work done for the purpose of collections, which was submitted in support of attorney's fees in the amount of $10,050. The district court held a hearing on the issue of attorney's fees, and the parties reviewed the itemized billing statement. The itemized billing statement showed Vetter was billed at $200 per hour, including the initial telephone consultation regarding the case and the initial office consultation. Although Attorney Welder testified she initially billed Vetter at $180 per hour and later increased her hourly rate, the exhibit shows Vetter was never billed at $180 per hour. The fee agreement included a provision that the "applicable hourly rate may increase during the course of the Firm's representation."

[¶7]   The district court ordered $4,242 in attorney's fees. Judgment was entered in the amount of $5,488 against Vetter and in favor of Larson Latham Huettl.

## II

[¶8]   Vetter appeals the district court's February 22, 2023 order denying her "motion in support of reconsideration of judgment," which the court treated as a motion seeking relief under N.D.R.Civ.P. 59(j) or 60(b). Because her motion was filed within 28 days after notice of judgment, it tolled the time for appeal of the judgment in this matter. Accordingly, on appeal we review Vetter's claims

2

relating to the judgment and the order denying relief from judgment. *See Grager v. Schudar,* 2009 ND 140, ¶ 3, 770 N.W.2d 692.

### III

[¶9] Vetter argues billing at $200 per hour instead of the $180 per hour resulted in an "overcharge" of $655, increasing the total bill of $5,895 to $6,052, resulting in the small claims action and accumulation of interest. She argues the withholding of this final bill accounting was purposeful fraud or deceit by Larson Latham Huettl. She also argues the firm unilaterally changed the terms of the agreement by charging her $200 per hour instead of $180 hour.

[¶10] Vetter raised this claim for the first time only after trial at the hearing on her post-judgment motion. The answer and counterclaim do not address fraud or deceit. Vetter did not present evidence in support of her counterclaims or appear for trial. The district court denied Vetter's post-judgment motion raising this same allegation of fraud or deceit. On appeal, Vetter does not argue the district court abused its discretion in denying her post-judgment motion. Her argument is limited to the underlying judgment in favor of Larson Latham Huettl.

[¶11] The underlying claim is a breach of contract claim. "A breach of contract is the nonperformance of a contractual duty when it is due." *Barrett v. Gilbertson*, 2013 ND 35, ¶ 7, 827 N.W.2d 831. "To establish a breach of contract, the party asserting the breach must prove the existence of a contract, a breach of the contract, and damages which flow from the breach." *Id*. "Whether a party has breached a contract is a finding of fact subject to the clearly erroneous standard of review." *Id*. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support the finding, or if this Court is convinced, on the basis of the entire record, that a mistake has been made. *Id*. "We do not reweigh conflicting evidence, and we give due regard to the district court's opportunity to judge the witnesses' credibility." *Id*.

[¶12] The district court found the fee agreement is valid and enforceable, and clear and unambiguous, and included a provision that the "applicable hourly rate may increase during the course of the Firm's representation." The court

3

further found the firm performed its obligations under the agreement and the amounts charged by the firm for performed legal services were reasonable. The court found Vetter breached her duties under the agreement and ordered judgment for the unpaid fees, prejudgment interest, costs, and attorney's fees. Finding Vetter did not appear at trial and did not provide evidence in support of her answer and counterclaim, the court dismissed her claims.

[¶13] The district court's findings are supported by the record. The district court's findings are not clearly erroneous.

IV

[¶14] Larson Latham Huettl filed a small claims matter against Vetter to pursue an unpaid $552 fee. In doing so, Larson Latham Huettl accumulated $10,050 in its own attorney's fees. The district court found the amount excessive and ordered $4,242 in attorney's fees. The parties have not appealed that award of attorney's fees. Larson Latham Huettl requests attorney's fees for this appeal.

[¶15] Vetter removed the matter to district court. Section 27-08.1-04, N.D.C.C., allows a defendant to remove an action filed by the plaintiff in small claims court to district court. "If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff." N.D.C.C. § 27-08.1-04. A party removes a small claims matter to district court at her own peril.

[¶16] We have applied N.D.C.C. § 27-08.1-04 to allow attorney's fees for an appeal when a prevailing plaintiff defends the judgment on appeal. Therefore, "a prevailing plaintiff should be awarded reasonable attorney's fees for the district court proceedings and for a successful appeal under N.D.C.C. § 27-08.1-04." *Johnson v. Menard, Inc.*, 2021 ND 19, ¶ 25, 955 N.W.2d 27. After our decision in *Johnson*, N.D.C.C. § 27-08.1-04 was amended consistent with that decision to state: "If the defendant appeals a district court judgment to the supreme court, the supreme court shall award reasonable attorney's fees to the prevailing appellee." Although we have concurrent jurisdiction to determine a reasonable award of attorney's fees on appeal, we prefer the district court take

4

evidence and make such findings in the first instance. *Id.* at ¶ 26. Therefore, we remand to the district court with instructions to award reasonable attorney's fees for this appeal after taking any evidence and making findings to determine a reasonable amount.

V

[¶17] We affirm the judgment. We remand for findings on a reasonable amount of attorney's fees for this appeal.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr