# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 52

Meridian Property Management, LLC,                     Plaintiff and Appellee

  v.

DaNae Cordie and David Kawasaki,                     Defendants and Appellants

## No. 20250344

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Reid A. Brady, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Joel M. Fremstad (argued) and Brandt Doerr (on brief), Fargo, ND, for plaintiff and appellee.

Timothy C. Lamb, Grand Forks, ND, for defendants and appellants.

**Jensen, Justice.**

[¶1]   DaNae Cordie and David Kawasaki (hereinafter collectively "Cordie") appeal from a final judgment that awarded Meridian Property Management damages for repairs to a residential rental property. Cordie contends the district court erred in: (1) awarding damages because Meridian failed to comply with a statutory deadline for mailing her an itemized list of damages; (2) denying her motion for summary judgment on the issue whether Meridian could claim rents remaining under the lease term where Meridian had already collected an early termination fee in an eviction action; and (3) entering judgment in Meridian's favor because the rental contract allegedly contained unconscionable provisions. We affirm, but remand for consideration of the amount of an award of attorney's fees to Meridian for this appeal.

I

[¶2]   In October 2020, Cordie began renting a residential property from Meridian in West Fargo, North Dakota. In late September 2023, a dispute arose over the removal of dog waste from the property and Meridian charged a $350 fee to Cordie's account which was later removed. Following the dispute, Cordie failed to pay the rent for October 2023.

[¶3]   Meridian gave Cordie a three-day notice of intent to vacate on October 9, 2023, and subsequently started an eviction action. Meridian obtained a judgment of eviction which included an award of $1,000 for an early termination fee pursuant to the terms of the lease. Cordie vacated the property on November 1, 2023, and returned the key fobs on November 2, 2023. By its terms, the lease expired at the end of December 2023.

[¶4]   On December 19, 2023, Meridian mailed Cordie an itemized list of damages and other charges claiming Cordie owed $7,665.92. The itemized list included rent and other charges for November 2023 and December 2023 despite the fact that Cordie had been evicted and surrendered possession of the property. On January 23, 2024, Meridian started a small claims action against Cordie

claiming $4,673.44 in damages, which reflected Meridian's retention of a $2,125 security deposit plus interest that had accrued on the deposit.

[¶5] Cordie elected to remove the small claims action to district court. After removing the case, Cordie filed a motion for summary judgment. When considered in combination, Cordie's briefing and oral argument objected to Meridian's request for rent and related charges for November 2023 and December 2023—which made up part but not all of Meridian's claim—because Meridian had received the early termination fee in the eviction action. Cordie argued a landlord should not get a "double" recovery for future rent and rent-related charges when the landlord successfully pursues an eviction before the lease expires and receives an early termination fee. The court summarily denied the motion, concluding Cordie failed to show there were no genuine issues of material fact with respect to all aspects of Meridian's claims.

[¶6] The district court held a bench trial. At the start of trial, Cordie's counsel asked for a ruling on the fact that Meridian failed to provide an itemized list of damages within thirty days of the termination of the lease and delivery of possession of the property pursuant to N.D.C.C. § 47-16-07.1(3)(c). The court took the matter under advisement. During trial, Meridian presented proof of its damages, which included amounts spent to repair and clean the property after Cordie's eviction, as well as the rent and other related charges for November 2023 and December 2023.

[¶7] Following the trial, the district court entered an order for judgment in Meridian's favor. The court ruled in Cordie's favor on the issue whether Meridian could recover both an early termination fee and the rent/related charges for November 2023 and December 2023. The court held the early termination fee was a liquidated damages clause, which included consideration of the fact that Meridian's statutory duty to mitigate made damages in the event of a breach uncertain at the time the parties entered into the lease. The court held Meridian was not entitled to the rent/related charges for the period after Cordie vacated the property because Meridian received the early termination fee.

[¶8]   With respect to the issue regarding the itemization of damages, the district court concluded Meridian sent its itemization more than thirty days after termination of the lease (when Cordie was evicted) and delivery of possession of the property (when the key fobs were returned). But the court determined Cordie failed to prove any injury resulting from the untimely itemization because Meridian had reasonable justification to withhold Cordie's security deposit and interest (i.e., the overall damages exceeded the amount of the security deposit). The court awarded $2,116.56 for costs and repairs to the rental property resulting from damages that had occurred while Cordie was still in possession of the property.

[¶9]   Finding Meridian to be a prevailing party, the district court further held Meridian was entitled to attorney's fees pursuant to N.D.C.C. § 27-08.1-04 because Cordie removed the action from small claims court. The court directed Meridian to submit a declaration of its fees, giving Cordie fourteen days to object. Cordie failed to file an objection after Meridian submitted its fees. The court found the submitted declaration reasonable and awarded Meridian $8,089.50 in attorney's fees. On September 5, 2025, judgment was entered in the amount of $10,299.42, to reflect the damages for repairs to the property as well as the award of attorney's fees.

II

[¶10] Cordie contends Meridian's failure to provide her with an itemization of damages within the deadline set out in N.D.C.C. § 47-16-07.1(3)(c) bars Meridian from recovering damages for repairs to the rental property, either by keeping the security deposit or pursuing a separate cause of action for damages beyond the amount of the security deposit. As part of her argument, Cordie contends the statute is ambiguous.

[¶11] "Interpretation of a statute is a question of law, fully reviewable on appeal." *Wheeler v. Gardner*, 2006 ND 24, ¶ 10, 708 N.W.2d 908. "[W]e look first to the statutory language, and if the language is clear and unambiguous, the legislative intent is presumed clear from the face of the statute." *McDowell v. Gillie*, 2001 ND 91, ¶ 11, 626 N.W.2d 666. "[W]e do not consider legislative history

3

when statutory language is unambiguous." *Farmers Union Mut. Ins. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 2007 ND 135, ¶ 9, 737 N.W.2d 253.

[¶12] The statute at issue provides in relevant part:

> Application of any portion of a security deposit not paid to the lessee upon termination of the lease must be itemized by the lessor. Such itemization together with the amount due must be delivered or mailed to the lessee at the last address furnished lessor, along with a written notice within thirty days after termination of the lease[1] and delivery of possession by the lessee.

N.D.C.C. § 47-16-07.1(3)(c).

[¶13] The provisions setting out the remedy for a landlord's violation of the statute are clear. When a lessor withholds any security deposit money without reasonable justification, the lessor is liable for treble damages. N.D.C.C. § 47-16-07.1(4). But the legislature chose *not* to specify a remedy for when a lessor fails to provide a timely itemization of damages, such as forfeiting the right to retain any security deposit money reasonably withheld or the right to pursue a separate action for damages not adequately covered by a security deposit.

[¶14] The lack of a remedy for an untimely itemization does not render the statute ambiguous. We have said on numerous occasions "[w]hen no statutory remedy is provided for a statutory violation, we look to whether the victim of the violation was prejudiced." *Johnson v. North Dakota Workers' Comp. Bureau*, 539 N.W.2d 295, 298 (N.D. 1995); *City of Fargo v. Wieland*, 2019 ND 286, ¶ 24, 936 N.W.2d 55 (same); *see also* N.D.R.Civ.P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). "[T]he Legislature is presumed to know the law when enacting legislation," *State v. Clark*, 367 N.W.2d 168, 170 (N.D. 1985), and this

---

[1]During oral argument, Meridian's counsel contended the itemization of damages was timely because the termination of the lease occurred at the end of the lease term rather than when Cordie was evicted, citing N.D.C.C. § 47-16-14. Counsel conceded Meridian did not cross-appeal the district court's conclusion the lease terminated upon Cordie's eviction. We therefore do not address this argument.

4

knowledge would include the Court's rules of construction regarding statutes. *Cf. Rodenburg v. Fargo-Moorhead Young Men's Christian Ass'n*, 2001 ND 139, ¶ 26, 632 N.W.2d 407 (stating we "presume the legislature is aware of judicial construction of a statute" in the context of the legislature's acquiescence in the Court's interpretation of a statute by subsequently failing to amend it).

[¶15] As Meridian argues, legislatures in other states have expressly provided forfeiture of the landlord's right to retain a security deposit as the remedy for an untimely itemization of damages when that is what is intended. *See, e.g.*, N.Y. Gen. Oblig. Law § 7-108(1)(e) ("If a landlord fails to provide the tenant with the statement and deposit within fourteen days, the landlord shall forfeit any right to retain any portion of the deposit."); Mass. Gen. Law ch. 186, § 15B(6)(b) ("The lessor shall forfeit his right to retain any portion of the security deposit . . . if he . . . fails to furnish to the tenant within thirty days after the termination of the occupancy the itemized list of damages[.]"). By not including a statutory remedy for a lessor's violation of the duty to provide a timely itemization of damages, we presume the legislature expressed their intent for us to apply the prejudice standard we have previously employed when no remedy is provided.

[¶16] Cordie was not prejudiced by the untimely itemization of damages. The evidence showed damages to the rental property beyond the amount of the security deposit. The district court found Meridian had reasonable justification for withholding the full security deposit. Cordie has not challenged the court's determination that Meridian had reasonable justification for withholding the full security deposit. Under these circumstances, the delay in providing Cordie the itemization of damages did not cause any prejudice.

III

[¶17] Cordie contends the district court erred in denying her motion for summary judgment on the "double recovery" issue regarding whether Meridian could receive both an early termination fee and rent/related charges for November 2023 and December 2023. Acknowledging that she ultimately prevailed on this issue at trial, she explains the earlier denial at the summary judgment stage was still erroneous because it increased the amount of Meridian's

attorney's fees by duplicating the issues presented at trial. She contends the court's alleged erroneous ruling on the summary judgment supports a challenge to the amount of fees awarded by the court.

[¶18] We first note that the district court's ruling was that summary judgment was not appropriate because there were questions of material fact. Cordie does not argue, but her argument implicitly requires an assertion that whether the liquidated damages precluded recovery of rent and related charges after the eviction was limited to a question of law, and therefore rejection of her argument because it involved questions of material fact was erroneous. Cordie failed to raise this issue below and determination of whether the denial of summary judgment was erroneous or whether an erroneous denial of summary judgment can support a reduction of the attorney's fees is unnecessary and we decline to address those issues.

[¶19] Cordie had the opportunity to challenge the attorney's fees in the district court, but failed to do so. When the court gave her fourteen days to object to the attorney's fees requested, she filed no objection. "An issue not properly raised before the trial court cannot be raised for the first time on appeal nor asserted as a basis for reversal on appeal." *Brakke v. Kensrud*, 514 N.W.2d 691, 692 (N.D. 1994). A district court should have the opportunity to intelligently rule on an issue before it reaches the appellate level. *State v. Chacano*, 2012 ND 113, ¶ 6, 817 N.W.2d 369. By not objecting to Meridian's request for attorney's fees below, Cordie denied the district court of the opportunity to consider reducing the amount of fees based upon Cordie's ultimate success on the "double recovery" issue. Because this issue was not properly raised in the district court, we decline to consider it.

IV

[¶20] Finally, Cordie contends the district court's failure to find the lease terms unconscionable resulted in a "miscarriage of justice." Cordie made an unconscionability argument regarding the terms of the lease in her summary judgment motion, but she did not renew the argument at trial or in her post-trial closing arguments. Although she claims she renewed the argument at trial, our

6

review of the record shows the unconscionability argument mentioned at trial pertained to a potential constitutional challenge to N.D.C.C. § 47-16-13.4, and the terms of the lease were only casually referenced in regards to the alleged "unconscionability" of the statute.

[¶21] Cordie did not raise unconscionability in her post-trial briefing. The district court did not address unconscionability of the lease terms in its order for judgment. In summary, while Cordie raised the issue during the summary judgment proceedings, she did not meaningfully pursue the claim during the trial and did not include the claim in her post-trial briefing. Under the circumstances of this case, we conclude any unconscionability argument regarding the terms of the lease "was abandoned at the trial, [and] has not been preserved for appellate review[.]" *Berg v. Dakota Boys Ranch Ass'n*, 2001 ND 122, ¶ 13, 629 N.W.2d 563. Because this issue was not properly raised in the district court, we decline to consider it.

V

[¶22] Cordie elected to remove this case from small claims court to district court, triggering the attorney's fees provision of N.D.C.C. § 27-08.1-04. In addition to permitting a prevailing plaintiff an award of reasonable attorney's fees in the district court, the statute further provides "[i]f the defendant appeals a district court judgment to the supreme court, the supreme court shall award reasonable attorney's fees to the prevailing appellee." N.D.C.C. § 27-08.1-04. Meridian "has not filed any documentation with this Court regarding [its] fees for this appeal. Therefore, we remand to the district court on this issue to take evidence of and award reasonable attorney's fees for this appeal." *Johnson v. Menard, Inc.*, 2021 ND 19, ¶ 26, 955 N.W.2d 27.

7

## VI

[¶23] We affirm the judgment of the district court. We remand for consideration of Meridian's attorney's fees for this appeal.

[¶24] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr